## STATE v. KELLEY ET AL.

RESERVED QUESTIONS—JURISDICTION.

1.  To give the supreme court jurisdiction to determine a constitutional question reserved for its decision by order of the district court it must appear from the record that such question arises and is necessary to be decided in the pending case.
2.  A demurrer to an information in a criminal case on the ground that no intent is alleged goes only to its form, and does not, therefore, authorize the question of the constitutionality of the statute defining the offense to be reserved.
3.  Whether under the laws of the state jurisdiction can be acquired to try and convict a corporation charged with the violation of a penal statute is not a constitutional question, and cannot, therefore, be determined as a reserved question.
4.  A demurrer to an information on the ground that the facts stated do not constitute an offense punishable by the laws of the state challenges not only the constitutionality of the statute creating and defining the offense, but also the sufficiency of the facts alleged to constitute an offense within the provisions of the statute, but until a determination by the district court of the sufficiency of the facts alleged, the constitutionality of the statute should not be determined upon a reserved question, for it would become immaterial if the facts should be held insufficient.
5.  Courts do not pass upon the constitutionality of a statute unless the necessity therefor in a pending case clearly appears.

[Decided January 9, 1909.]                    (98 Pac. 886.)

RESERVED QUESTIONS from the District Court of Laramie County; HON. RODERICK N. MATSON, Judge.

The facts are stated in the opinion.

*W. E. Mullen,* Attorney General, for the State, argued and contended that the court was without jurisdiction to decide the questions reserved for the reason that until the sufficiency of the allegations of the information to charge an offense under the statute is determined, which is challenged by the demurrer, the validity and constitutionality of the statute is not necessarily involved; and cited in support of the objection to jurisdiction: Stoll v. Board, 6 Wyo. 231; Perkins v. Board, 7 Wyo. 161; Kelly v. Rhoads, 7 Wyo. 237; State v. Bolln, 10 Wyo. 439; Willey v. Decker, 11 Wyo. 496. Counsel also contended that the question as to the jurisdiction of the district court to try and convict a corporation for the violation of a penal statute is not a constitutional question; and that the objection to the information that it fails to state an intent does not involve a constitutional question. (The remainder of counsel's brief was devoted to a discussion of the propositions involved in the reserved questions, and it was contended that the statute under which the prosecution was brought was a valid exercise of legislative power and not obnoxious to any constitutional provision. That part of the brief is here omitted, for the reason that the court refused to consider or pass upon the reserved questions, holding that it was without jurisdiction to do so.)

*Donzelman, Kinkead & Mentzer,* and *Marion A. Kline,* for the defendants, filed separate briefs and thereby argued and contended that the statute involved in the case was unconstitutional and invalid on several grounds. An abstract thereof is here omitted for the reason that none of the questions discussed were passed upon or considered by the court, but the case was remanded without answering the reserved questions, it being held that the court was without jurisdiction in this proceeding to determine the questions reserved.

SCOTT, JUSTICE.

An information was filed in the district court of Laramie County charging the defendants jointly with the commission of a misdemeanor as defined in Section 3 of Chapter 91 of the Session Laws of 1907, which chapter is amendatory of Chapter 82 of the Session Laws of 1903, commonly known as the pure food and drug laws, and of which Section 3 reads as follows: "Every person who shall sell, offer, or expose for sale for human food, any slaughtered or dressed poultry, game birds, or game animals, wild or domestic of any description, or fish, from which the entrails, crops, and other objectionable or offensive parts have not been drawn and removed immediately after the same has been killed or slaughtered for market, shall be guilty of a misdemeanor, and, upon conviction thereof shall be fined not less than fifty, nor more than two hundred dollars, and in addition, the court may in its discretion order the confiscation and destruction by the commissioner of any or all such produce sold or offered for sale."

The charging part of the information is as follows: "Comes now Clyde M. Watts, County and Prosecuting Attorney of the County of Laramie, in the State of Wyoming, and in the name and by the authority of the State of Wyoming, informs the court and gives the court to understand that A. D. Kelley, and Kelley Mercantile Company, a corporation organized under the laws of the State of Wyoming, late of the county aforesaid, on the 23rd day of December, A. D. 1907, at the County of Laramie, in the State of Wyoming, did unlawfully sell, offer and expose for sale one dressed turkey from which the entrails, crops and other objectionable and offensive parts had not been drawn and removed; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming."

The defendants separately demurred to the information. The defendant Kelley demurred upon the following grounds: First, that the facts stated in the information herein do not

constitute an offense punishable by the laws of the State of Wyoming; Second, that no intent is alleged in said information, and that proof of intent is necessary to make out the alleged offense charged; Third, that the law passed by the Ninth State Legislature of the State of Wyoming, and approved February 20th, A. D. 1907, being Chapter 91 of the Session Laws of A. D. 1907, and Section 3 of said chapter, are unconstitutional under the constitution of the State of Wyoming, same being in conflict with Section 24 of Article Three of said Constitution; Fourth, that the law hereinbefore referred to under which the information in this case has been filed, is in excess of the powers of the State Legislature as limited by the Constitution of the State of Wyoming, and in excess of Section 20 of Article Seven of the Constitution of the State of Wyoming; Fifth, that Chapter 82 of the Laws of 1903, and said Chapter 91 of the Laws of 1907, are each in contravention of Section 6 of Article 1 of the Constitution of Wyoming, and the Fourteenth Amendment to the Constitution of the United States." The demurrer of the Kelley Mercantile Company is substantially the same and contained the further ground: "That this court has no jurisdiction of said corporation, and there is no law or statute by which said court can obtain jurisdiction of said defendant corporation under a criminal process."

The case is here pursuant to the order of the court which, omitting the caption and signature, is as follows, to-wit: "Be it remembered, That now on this 29th day of February, 1908, the same being a regular day of the December term in said year of the above entitled court, this cause came on for hearing to the court, on the information herein presented, and demurrer filed thereto by the defendant, the Honorable R. N. Matson, sole presiding judge, the plaintiff appearing by C. M. Watts, County and Prosecuting Attorney, and the defendant appearing by its attorneys, M. A. Kline, and Donzelmann, Kinkead & Mentzer, and the court having examined said information and the demurrer filed

thereto as above stated, finds that there is involved in, and
arises in said action by reason of the issues of law joined
and formed by said demurrer, important and difficult con-
stitutional questions, upon which the decision of the supreme
court is desired, to-wit:   1.   Is Chapter 82 of the Laws of
1903, being 'An act providing for pure and unadulterated
foods, drugs, drinks and illuminating oils and to create the
office of a State Chemist and Assistant State ·Chemist and
defining their respective duties and powers, and establish-
ing their salaries, and providing for the appointment of an
assistant to said State Chemist of any incorporated city and
authorizing said cities to approprate funds for his compensa-
tion,' commonly known as the 'Pure Food and Drugs
Act,' unconstitutional as containing more than one subject
and both of which are embraced in the title thereto?

"2.   Does said act contravene Section 6 of Article I of the
Constitution of Wyoming, and the Fifth and Fourteenth
Amendments to the Constitution of the United States, both
of which guarantee that no person shall be deprived of life,
liberty or property without due process of law.

"3.   Is said act within the police power of the legislature
as authorized by the Constitution of Wyoming, and more
particularly by Section 20 of Article XII thereof?

"4.   Is Chapter 91 of the Laws of 1907, being 'An act to
amend and re-enact Sections 2 and 8 of Article 1; Sections
1 and 5 of Article 6; Sections 1, 2 and 6 of Article 8, of
Chapter 82, Session Laws of Wyoming of 1903, being "An
act providing for pure and unadulterated foods, drugs,
drinks and illuminating oils, and to create the office of
State Chemist, and Assistant State Chemist, and defining
their respective duties and powers, establishing their salaries,
and providing for the appointment of an assistant to said
State Chemist of any incorporated city, and authorizing
said cities to approprate funds for his compensation"; and
repealing Chapter 109, Session Laws of Wyoming, 1903;
also prohibiting the sale or offering for sale of poultry,
game and fish under certain circumstances, and prescrib-

ing a penalty therefor; authorizing the Dairy, Food and Oil Commissioner to confiscate condemned goods; and prohibiting interference with the Dairy, Food and Oil Commissioner in the discharge of his duties,' unconstitutional for the reason that it contains more than one subject both of which are expressed in its title, in contravention of Section 24 of Article III of the Constitution of Wyoming?

"5. Does said latter act and especially Section 3 thereof, contravene Section 6 of Article I of the Constitution of Wyoming, as well as the Fifth and Fourteenth Amendments to the Constitution of the United States?

"6. There being no declaration or finding in said act or in the statutes of Wyoming that dressed poultry from which the entrails and crops have not been drawn immediately after the same have been killed, are not suitable for human food, is it within the constitutional power of the legislature to make criminal the selling or exposing for sale "dressed turkeys from which the entrails, crops and other objectionable parts had not been drawn and removed?"

"7. Is Section 3 of said act constitutional as applied to dressed turkeys sold or exposed for sale without having had their crops and entrails removed immediately after they were killed? Is it within the police power of the legislature as conferred by Section 20 of Article VII of the Constitution of Wyoming?

"8. Is there any process in this state by which jurisdiction of a corporation can be acquired in a criminal proceeding, and more particularly can a corporation be convicted of the crime charged in said indictment under the provisions upon which said indictment is predicated as hereinbefore set forth?

"Therefore, upon the court's own motion, the ruling of this court on said questions is reserved until the decision of the supreme court may be had thereon, in the manner and form as provided in Chapter 14 of the Revised Statutes of Wyoming of 1899, as amended by Chapter 72 of the Laws of 1903, and it is hereby ordered that said cause to-

gether with all the papers filed therein, including said information and demurrer aforesaid, and the said important and difficult constitutional questions as above set forth, be certified by the clerk of this court to the supreme court of the State of Wyoming, for its decision thereon, as provided by law."

It is urged by the Attorney General that no constitutional question upon the case pending is presented by the record and that for this reason this court has not jurisdiction to decide the questions propounded. The jurisdiction of this court is defined by Section 2, Article V of the Constitution. It is essentially a court of review with reference to cases where original jurisdiction is lodged exclusively in a lower court, and in that sense its jurisdiction is limited and ought not to be extended beyond the limits prescribed. The section provides that "The supreme court shall have general appellate jurisdiction co-extensive with the state, in both civil and criminal causes, and shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." Under the latter clause this court has declined under a statute which authorized the reservation to this court for its decision of important and difficult questions which arose in an action or proceeding pending before the district court to entertain jurisdiction to determine such questions unless they in fact arise and their decision is necessary in the action or proceeding. In Stoll v. Board of County Commissioners, 6 Wyo. 231, 237, this court said: "If the question propounded does not arise in the action or proceeding, we are not required in a reserved case to express our judgment thereon, and for obvious reasons should hesitate to do so." Under the same statute this court held in Perkins v. Board of County Commissioners, 7 Wyo. 161, that it would not decide questions reserved for its decision that are merely hypothetical in character. The section under which those cases arose (Sec. 4276, R. S. 1899) has since their decision been amended (Chap. 72, S. L. 1903) so as to limit the

questions that may be reserved to this court for its decision to constitutional questions alone, so that the section now reads as follows: "Section 4276. When an important and difficult constitutional question arises in an action or proceeding, pending before the district court in any county of this state, the judge of said court may, on motion of either party, or upon his own motion, cause the same to be reserved and sent to the supreme court for its decision. Provided, that all cases pending when this act shall take effect in which other than constitutional questions shall have been heretofore reserved for the decision of the supreme court shall be conducted to a decision of such questions in said supreme court in all respects as now provided by law."

Section 4277, R. S. 1899, is as follows: "Sec. 4277. When an action or proceeding is reserved to the supreme court as provided in Section four thousand two hundred and seventy-six, the clerk of the district court shall transmit the original papers in the case, involving the questions reserved, to the clerk of the supreme court, who shall place the same on file, and the matter shall then stand for hearing at the next term of the supreme court upon such papers; Provided, that the supreme court may make rules of procedure as they may deem proper for the speedy hearing of the same."

We think the rules laid down in the Stoll and Perkins cases, *supra,* to the effect that the question must arise in the action before this court should act upon a reserved question, though neither of those cases involved a constitutional question, is equally applicable to the reservation of a constitutional question to this court for its decision. It is the same in principle. The question or questions when so reserved must under Section 4277, *supra,* be heard in this court upon the original papers. Those papers must not only be the original papers in the case but they must also involve the questions reserved. The certificate of the judge is not alone sufficient, but the other original papers are also necessary for this court to act in the mat-

ter and it is upon them that this court hears the matter.
In Stoll v. Board of County Commissioners, *supra,* this
court declined to answer a reserved question upon demurrer
to a petition on the ground that its decision was not ma-
terial to the consideration and disposition of the demurrer.

In the case before us the first two grounds of demurrer
are the only ones which are authorized by statute.   The
other so-called grounds of demurrer might be covered by
and included under the first ground.   They are argumenta-
tive statements going to and questioning the validity of the
statute under which the prosecution was instituted.   The
second ground of demurrer relates only to the form of the
information and neither it nor the eighth ground of de-
murrer of the defendant, the Kelley Mercantile Company,
involves a constitutional question.   The decision of the first
ground of demurrer may or may not involve the constitu-
tionality of the statute.   This court is precluded from de-
termining that question in the first instance.   The certificate
of the trial judge is not conclusive on that question.   The
demurrer is twofold, it challenges the sufficiency of the facts
alleged to constitute an offense within the provisions of
the statute, and further that the statute is unconstitutional.
The former question can not be determined by this court
in the first instance, and the constitutionality of the statute
does not arise upon the record until the sufficiency of the
information upon other grounds has been determined.   It
is a uniform rule that courts do not pass upon the consti-
tutionality of a statute unless the necessity therefor in the
case pending clearly appears (Cooley Const. Lim., Sec.
163) and no other constitutional question is here sought to
be presented.   The decision of the constitutional question
must be necessary to a decision of the pending case.   It can
not be said that this court should decide the constitutionality
of the statute because it might become necessary to a de-
cision of the pending case when after such decision the lower
court upon consideration might be of the opinion that the de-
murrer should be sustained upon other grounds which de-

fendants in their brief insist upon the right to present for the ruling of that court. The question here presented in that event would be practically a moot question. We are of the opinion that a constitutional question should be shown by the record to have been fairly presented to the court below and that its decision is necessary upon the pending case and that unless these facts appear by the record that this court ought not and is not required to express its judgment thereon. It does not from the original papers here returned appear that a question upon the constitutionality of the statute has arisen, the decision of which has become necessary to the determination of the case, nor is this court in a position to say that such question will arise.

For these reasons we are of the opinion that it would be not only improper to decide the constitutional question sought to be presented on the brief and the reserved questions, but that this court is without jurisdiction to do so until it shall plainly appear that such decision is necessary to the disposition of the demurrer. We, therefore, direct the return of this case to the district court of Laramie County with said questions unanswered.

POTTER, C. J., and BEARD, J., concur.