## STATE V. SMART.
### ( No. 641.)

RESERVED QUESTIONS—DETERMINATION—JURISDICTION.

1. The jurisdiction of the Supreme Court to decide questions reserved for its decision is confined ·to· important and difficult constitutional questions arising in an action or proceeding pending in the District Court.

2. The original papers certified to the Supreme Court with reserved questions will be examined to· ascertain whether such questions arise in the action or proceeding, and whether their determination· is necessary to a disposition of the case.

3. The constitutionality of a statute will not be determined unless necessarily involved in the case before the court.

4. In a criminal case the defendant by consent filed and sub-·mitted simultaneously a motion to quash the information, a plea in abatement, and a demurrer. Without ruling upon either the District Court by consent and·upon motion of the respective parties, and upon its own motion,. certified for the decision of the Supreme Court certain important and difficult questions deemed to· have arisen in the case; said questions involving the constitutionality of the statute under which the defendant was prosecuted. One of the grounds of the demurrer was that the intent with which and by which the alleged offense was committed was not alleged, proof of such intent being necessary to make out the offense charged; the same being a statutory ground of demurrer. *Held,* without considering whether or not the simultaneous filing of the demurrer with the motion to quash and the plea in abatement waived

the questions presented by such motion and plea, that if the information is fatally defective on the ground that the intent was not alleged, then it is immaterial whether the statute is or is not constitutional; and until that question is decided by the District Court a decision upon the reserved questions involving the constitutionality of the statute is not proper and will not he considered.

[Decided September 12, 1910.]                    (110 Pac. 715.)

RESERVED QUESTIONS from the District Court, Albany County; HON. CHARLES E. CARPENTER, Judge.

Heard on motion to remand.

*W. E. Mullen*, Attorney General, for the motion.

It appears from the original papers that questions involving the sufficiency of the information are yet pending and undecided in the court below, so that, as decided in State v. Kelley, 17 Wyo. 335, the constitutional questions reserved cannot be considered, and the case ought therefore to be remanded.

*H. V. S. Groesbeck* and *S. C. Downey*, contra.

The only ground of the motion to remand is that the court is without jurisdiction to decide the reserved questions. This is clearly insufficient, for a motion must state specifically the grounds or reasons on which it is based. (14 Ency. Pl. & Pr. 117, 118.) It is evident that the District Court did not consider as pertinent any of the questions involved excepting those relating to the constitutionality of the statute. It appears from the papers in the case that the District Court had passed upon the constitutional questions involved in another case, and it was the desire of the court and the contending parties to have the question finally settled. An elaborate brief on the constitutionality of the act has been presented by defendant's counsel in this case. Ever since the enactment of the statute in 1888 it has been usually ignored, or, when prosecutions have been based upon it, the statute has been held unconstitutional. The matter has been sent to this court in good

faith and we do not think that the case of State v. Kelly applies, for it appears plainly in this case that only constitutional questions are involved. The general supervising power conferred upon this court over inferior courts is wisely invoked by this case. Hence, even if the motion is in such form that it can be considered it ought to be overruled.

BEARD, JUSTICE.

The County and Prosecuting Attorney of Albany County filed an information in the District Court of said county, purporting to charge the defendant, Peter Smart, with a violation of Sec. 2643, R. S. 1899, which section provides, "Every person or persons, company or corporation, having a license to sell liquors under the laws of Wyoming, who shall keep open, or suffer his or their agent or employee to keep open, his or their place of business, or who shall sell, give away or dispose of or permit another to sell, give away or dispose of, on his or their premises, any spirituous, malt, vinous or fermented liquors, or any mixtures of any such liquors, on the first day of the week, commonly called Sunday, or upon any day upon which any general or special election is being held, shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than twenty-five dollars, or more than one hundred dollars, or imprisoned in the county jail not to exceed three months."

The information charges that the defendant, Peter Smart, "on the 20th day of February, A. D. 1910, at the County of Albany and State of Wyoming, having a license to sell liquors under the laws of Wyoming, did then and there unlawfully keep open and suffer his agent and employee to keep open his saloon and place of business, where liquors are sold, on the 20th day of February, A. D. 1910, the said day then and there being the first day of the week, commonly called Sunday."

To this information the defendant, by consent of the parties, filed and submitted simultaneously a motion to quash the information, a plea in abatement, and a demurrer.

No ruling of the District Court was made on either; but by consent and upon the motion of the respective parties, and by the court upon its own motion, certain important and difficult constitutional questions deemed to have arisen in the action were certified to this court for its decision; said questions involving the constitutionality of the statute above quoted.

. The Attorney general filed in this court a motion to re-mand said cause to the District Court, "for the reason that it is apparent from the face of said original papers and record submitted therewith that this court is without juris-diction to consider and decide said reserved questions." Under our statute the jurisdiction of the Supreme Court to decide questions thus reserved is confined to important and difficult constitutional questions arising in an action or pro-ceeding, pending in the District Court. (Sec. 4276, R. S. 1899, as amended by Ch. 72, S. L. 1903.) And it has been uniformly held that this court will examine the original papers certified to it by the District Court in order to de-termine whether such questions arise in the action or pro-ceeding, and whether their determination is necessary to a disposition of the case; it being the general rule that the constiutionality of a statute will not be determined unless necessarily involved in the case before the court. (State v. Kelly et al., 17 Wyo. 335.) Keeping in mind these rules, and passing by the question as to whether or not the sim-ultaneous filing of the demurrer with the motion to quash and the plea in abatement was a waiver of the questions presented by the motion and plea, we will consider the question as presented by the demurrer.

The first ground of the demurrer is that "the facts stated in the said information do not constitute an offense punishable by the laws of the State of Wyoming." The second ground is that "the intent with which and by which said alleged and pretended offense was committed, is not alleged, and that proof of such intent is necessary to make out the offense charged in said information." The other

grounds of demurrer—some sixteen in number—go to the question 'of ·the constitutionality of the statute. The second ground of the demurrer is one of the grounds therefor stated in the statute. Sec. 53, R. S. 1899. It appears clear to us that that ground does not involve any constitutional question, and equally clear that if the information is fatally defective for that reason, under the statute as it is written—a question this court cannot decide in the first instance—then it becomes immaterial whether the statute is or is not constitutional. To our minds the case comes within the rule announced in State v. Kelly, et al., supra, where the question is more fully discussed. We should not hesitate to decide constitutional questions when we have the right to do so; neither should we assume to do so, on reserved questions, where the original papers and record presented do not show such decision to be necessary to a determination of the case. For the reason above stated the motion to remand will be sustained and the original papers and record in the case will be returned to the District Court of Albany County, with the questions unanswered.

POTTER, C. J., concurs.

SCOTT, J., did not sit in the case.