THE STATE OF WYOMING,

*Plaintiff and Respondent*

vs.

JOHN R. HINES,

*Defendant and Appellant.*

(No. 2821; November 6th, 1958; 331 Pac. (2d) 605)

For the defendant and appellant the cause was submitted upon the brief and also oral argument of Cuba Y. Hollaway of Newcastle, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief of Thomas O. Miller, Attorney General, and Ralph M. Kirsch, Special Assistant Attorney General, both of Cheyenne, Wyoming, and oral argument by Mr. Kirsch and Chester S. Jones, County and Prosecuting Attorney of Weston County, Wyoming.

Heard before Blume, C. J., and Harnsberger and Parker, JJ.

68

70

## OPINION

Mr. Chief Justice BLUME delivered the opinion of the court.

This is an appeal by John R. Hines who was convicted in the District Court of Weston County, Wyoming, of the crime of statutory rape and of the fact that he was an habitual criminal by reason of two prior convictions of a felony in the State of Missouri.

A criminal information was filed in the District Court of Weston County, Wyoming, on March 1, 1957,

charging the defendant with feloniously and unlawfully having carnal knowledge of one Edna Brown, a female child under the age of eighteen years, to wit, the age of fourteen years. The information also charged the defendant under the Habitual Criminals Act of this state alleging that the defendant was convicted of a felony, to wit, making and passing bogus checks, on September 7, 1948, in the Circuit Court of the County of Sullivan, State of Missouri, and that the defendant was again convicted of a felony, namely for forgery, on February 26, 1952, in the Circuit Court of Putnam County, Missouri. Attached to the information was an affidavit made by the prosecutrix, Edna Brown, wherein she stated that in June 1955 she was fourteen years of age and that John Hines had sexual intercourse with her on or about June 20, 1955. The affidavit is dated February 28, 1957. On March 2, 1957, a warrant was issued for the arrest of the defendant. The defendant pleaded not guilty. The case was tried commencing April 4, 1957. The jury found the defendant guilty in the form and manner charged in the information and in answer to a special interrogatory found that the defendant was the identical person who was convicted of the two felonies in the State of Missouri as heretofore mentioned. On April 18, 1957, the court sentenced the defendant on the verdict of guilty and the finding that he was an habitual criminal and directed that he be confined in the penitentiary of this state for a period of not less than ten years and not more than fifty years in accordance with § 9-109, W.C.S. 1945. From that sentence the defendant has appealed. Counsel who acted on behalf of the defendant in the trial of this case subsequently withdrew from the case and Cuba Y. Holloway was appointed in their stead. On application to this court, he was appointed as counsel for the defendant under the provisions of Ch. 180, § 1, S. L. of Wyoming, 1953, be-

cause of the fact that the defendant had insufficient funds for prosecuting this case in this court.

A concise statement of the essential facts in this case is contained in the brief of counsel for the defendant. We adopt it with a slight modification. It is as follows: For some time prior to June 20, 1955, the defendant, John R. Hines, was acquainted with one female minor girl named Edna Brown, who lived in Newcastle, Wyoming. The defendant on several occasions was in a car with this Edna Brown and other people and they took automobile rides together around and in Newcastle, Wyoming. The defendant and others, including Edna Brown, went to the drive-in theater in Newcastle, Wyoming, on at least one occasion together. The complaining witness, Edna Brown, was fourteen years of age on June 20, 1955, and she testified that on or about that date the defendant had sexual intercourse with her in his house at Newcastle, Wyoming. Others present on that night were Bobby Munday and Donna Dickenson. The pertinent facts leading up to this event were that the defendant and Bobby Munday agreed to purchase a pair of cowboy boots for each of the girls, Edna Brown and Donna Dickenson, and they were to purchase these boots at the J. C. Penney store at Newcastle, Wyoming, on or about June 18, 1955. The complaining witness stated that the consideration for the boots was her having intercourse with the defendant. The defendant testified that the consideration for the boots was cleaning his house as a service for the boots.

On or about June 20, 1955, the defendant and the witness, Bobby Munday, were at their home in Newcastle, Wyoming. Along about dusk the complaining witness, Edna Brown, and the other witness, Donna Dickenson, came to the house of the defendant and

both came into the house. These girls came into the living room of the house which was a small room containing a bed and a couch. The defendant and the complaining witness, Edna Brown, lay down upon the bed in the living room and the witnesses Bobby Munday and Donna Dickenson got on the couch. There was another small boy named Bernie Munday present who was told to go outside and stay, which he did.

The facts of what happened are contradictory but the complaining witness testified that the defendant undid her blue jean pants which she had on and pulled them down from her waist and that he unbuttoned his own pants and had intercourse with her. She did not testify that she saw the defendant's penis. The defendant said he did not have intercourse with her. The witness, Bobby Munday, stated that he was on the couch with the witness, Donna Dickenson, and that he had intercourse with her and that the defendant did have intercourse with Edna Brown. However, the witness, Donna Dickenson, said that Bobby Munday did not have intercourse with her on the couch but that the defendant and Edna Brown did have intercourse on the bed. (End of statement).

The information was filed by the County and Prosecuting Attorney for Weston County, Wyoming, against the defendant on March 1, 1957. The information charged the defendant with the crime of statutory rape and also charged the defendant under the habitual criminal statutes of the State of Wyoming. The complaining witness did not tell anyone of the alleged sexual intercourse she had with the defendant until about March 1956 when she told one of her teachers at the school in Newcastle. She told her teacher after a note was intercepted in the classroom. The note was not produced.

The State of Wyoming presented into evidence a sentence and judgment out of the Circuit Court of Sullivan County, Missouri, stating in part that the defendant, having entered a plea of guilty, be confined in the penitentiary of the State of Missouri for a period of three years on the charge of making and passing bogus checks. The state put into evidence a certified copy of the criminal sentence and judgment issued out of the Circuit Court of Putnam County, Missouri, wherein the defendant was convicted of the crime of forgery and, having pleaded guilty, was sentenced to be confined in the penitentiary of the State of Missouri for a period of three years. State's Exhibit 3, a certified copy of the defendant's record from the intermediate reformatory, Jefferson City, Missouri, including fingerprint chart and pictures, was admitted without objection.

1. Counsel for defendant contends that the evidence in the case is not sufficient to convict the defendant. We think that counsel's own statement of the facts heretofore set out refutes that contention. Counsel lays stress on the fact that the prosecuting witness did not reveal her intimacy with defendant for many months thereafter, but that fact merely affected her credibility which was for the jury to determine and in connection with which the court gave an instruction as hereinafter noted.

Counsel says that there must be penetration of the genital organs of the female in order to constitute sexual intercourse. That is true. State v. Wilson, 32 Wyo. 37, 228 P. 803. Counsel strenuously contends that the evidence in this case was not sufficient to show such penetration. That fact may be shown by circumstantial evidence. Taylor v. State, 111 Ind. 279, 12 N.E. 400. The prosecutrix in this case testified posi-

tively that penetration took place. We think the jury was justified in finding that she was old enough to know whether that was true or not. The prosecutrix was further corroborated by two witnesses. It is true that these witnesses could not actually see the penetration but the facts related by them as to the position of the defendant and the prosecutrix on the bed and the length of time they remained in that position fully justified the conclusion on the part of the witnesses as well as the jury that sexual intercourse was actually completed.

The foregoing contentions of counsel for the defendant must be and are overruled.

2. Counsel for defendant further states:

"The Defendant contends that during the trial of this case before the District Court that the Trial Judge, throughout the trial, made comments, interposed questions, interrogated witnesses and in general conducted the trial in a manner prejudicial to the rights of the defendant."

Some fourteen pages of counsel's brief are occupied by the various remarks and statements of the court which are thought to be prejudicial. We have examined all of these carefully. The objections made herein as to most of the matters of which complaint is made are not well taken. It may well be that in a few instances the court might well have refrained from the remarks which he made. Some of the remarks sounded as though the court had become impatient with the attorneys for the defendant and the remarks were perhaps intended as a rebuke of them. However, none of the matters referred to by counsel for the defendant were serious enough to prejudice the defendant. In State v. Schmidt, 141 Wash. 660, 252 P. 118, 121, the court stated as follows:

"\* \* \* But while we may concede that the trial judge could have found more appropriate language with which to indicate his ruling, we cannot concede that the circumstance warrants a new trial. The record does not disclose the tone of voice used by the trial judge when making the ruling, and this could have a bearing on its effect. But the manifestation of impatience, if impatience was manifested at all, was directed towards counsel rather than the appellant, and it can hardly be supposed that it was a matter to which the jury would give heed when making up their verdict. Certainly, it would be rash to say that the jury was so far devoid of intelligence as to return a verdict of guilty against the appellant because of the circumstance, where otherwise they would have returned a verdict in his favor."

In Bryant v. State, 207 Md. 565, 115 A.2d 502, 511, the court stated:

"\* \* \* The degree of severity of a trial judge's rebukes of an attorney, when the occasions require them, is left to the discretion of the judge as long as they do not prevent a fair and impartial trial. Unless there is some clear showing that the judge's statements influenced the jury against the defendant, the mere fact that the trial was conducted in an impatient and brusque way does not justify a reversal of the judgment.\* \* \*"

We do not find any exception taken by counsel for the defendant to the manner of any of the rulings or remarks of which complaint is made. In addition to that, the court gave Instruction No. 16 in which the court stated:

"The arguments, statements and objections made by counsel to the Court or to each other, and the rulings and orders made by the Court, and the remarks made by the Court during the trial and not directed to you, should not be considered by you in arriving at your verdict. The Court did not by any words uttered dur-

ing the trial, and the Court does not by these instructions, give or intimate, or wish to be understood by you as giving or intimating, any opinion as to what has or has not been proven in this case, nor as to what are or are not the facts in the case."

We think the jury was intelligent enough to follow this instruction of the court, and the objections made in this connection are overruled.

3. The defendant offered an instruction in connection with the fact that Edna Brown, the prosecutrix, failed to make any complaint of the crime which she claims was perpetrated on her until March or April of 1956, some nine months after the crime charged herein was committed. The court refused to give this instruction but instead gave Instruction No. 12:

"The Court instructs the Jury that if the complaining witness failed to make any complaint of the crime which she claims was perpetrated on her, or failed to complain promptly, this circumstance is one to be considered by the Jury, and it is entitled to consideration in determining the credit to be given to her testimony.

"As affecting the credit to be given the testimony of the complaining witness, the Jury may consider whether a person under the circumstances that she testified to would not be moved to instantly complain thereof to her relatives or intimate friends, and a failure to do so or so complain, *if you so find beyond a reasonable doubt,* is to be given such weight on the credibility of her testimony as you think proper and it justly entitled to." (Emphasis supplied.)

The phrase italicized as above had no place in the instruction. However, the unquestioned testimony in the case was that the prosecutrix did not reveal her intimacy with the defendant until March or April 1956 so that the jury was bound to find that to be the fact and that beyond a reasonable doubt, so that in view

of these facts the foregoing phrase was entirely harmless. We think that as a whole the instruction was sufficient and substantially covered the instruction asked for on the part of the defendant, so that we cannot hold the refusal to give the instruction asked as a reversible error.

The defendant also complains of the refusal of the court to give offered Instruction G which is as follows:

"The Court instructs the jury that the charge made against the defendant is in its nature a most heinous one and well calculated to create strong prejudice against the accused, and the attention of the jury is directed to the difficulty, growing out of the nature of the unusual circumstances connected with the commission of such a crime, in defending against the accusation of rape. It is your duty to carefully consider all of the evidence in the case and the law as given to you by the court in arriving at what your verdict will be in this case."

Instead of that instruction the court gave the following instruction:

"Instruction No. 15. You are instructed that a charge of the nature preferred against the Defendant is as a rule easily made, but hard to prove and as equally difficult to disprove. From the very nature of the case, the complaining witness or the prosecutrix and the Defendant are generally the only witnesses, and while the law does not require in this class of cases that the prosecuting witness be corroborated before you can convict, it does require that you examine and weigh her testimony with care and caution and give the Defendant the benefit of every reasonable doubt."

We think that the substance of the instruction that was offered was given by the court. See also the case of State v. Koch, 64 Wyo. 175, 189 P.2d 162. We must bear in mind the fact that in this case the testimony

of the prosecutrix was corroborated and corroborated strongly by the testimony of two witnesses who were present at the time when the crime charged herein was committed, so that we do not find any prejudice resulting to the defendant by the refusal to give the offered instruction.

The defendant also complains that the court gave Instruction No. 5A which reads as follows:

"If you find from the evidence beyond a reasonable doubt in this case that the Defendant has attempted to induce by any means any witness to testify falsely concerning any material fact in this case, or that the defendant made an effort to procure or induce any witness to swear falsely at this trial, that fact is a circumstance tending to establish his guilt and may be considered by you in determining the question of his guilt or innocence."

Complaint is made that this instruction should not have been given since it gave the impression to the jury that the defendant's evidence should be scrutinized. The first phrase reading "If you find from the evidence beyond a reasonable doubt" might well have been omitted from the instruction, but it was favorable to the defendant and is not subject to any objection. The instruction as a whole states a well-settled rule of law as mentioned in State v. Bruner, Wyo., 319 P.2d 863, and similar instructions seem to have been given in other cases. See 5 Reid's Branson, Instructions to Juries, 3d Ed., § 3355, p. 118.

Counsel for defendant also contends that the court should not have given the following instruction:

"Instruction No. 13. You are instructed that the Information charges and the complaining witness has testified that the alleged crime was committed on June

20, 1955, and you are further instructed that it is not necessary that you must find that the offense was committed on that exact date. It is sufficient if the evidence satisfies the jury beyond a reasonable doubt that the offense was committed on or about June 20, 1955."

Counsel contends, among other things, that this was comment on the evidence. We are unable to see that there is any merit in that contention. We think the instruction states the correct law. See State v. Koch, supra.

Defendant also objects to Instruction No. 23 given by the court. That instruction is as follows:

"You are instructed that the evidence introduced and admitted in this case tending to show prior convictions of the Defendant, John R. Hines, was received and permitted by the Court. This evidence of such prior convictions of felonies committed by the Defendant has been received for two purposes. First, such evidence bears upon the credibility of the Defendant, John R. Hines, as a witness on this trial; and, second, a person convicted of two prior felonies, whether in this State or elsewhere, and when also convicted in this State of a crime may be punished with a heavier punishment than a person convicted for the first time. This last purpose is one which the Court has to deal with alone, for the purpose of assessing the punishment with which you are not concerned.

"You are further instructed that the fact that the Defendant, John R. Hines, was convicted at former times and former places of other offenses and felonies is no substantive proof that he is guilty of the offense that is now charged against him in the Information in this case."

The main objection, so far as we can see, which is made to this instruction is because the court referred to the fact that evidence of prior convictions was received partially as bearing on the credibility of the

defendant. It is doubtless true that the primary purpose for which the prior convictions of two felonies in Missouri were admitted was for the purpose of determining as to whether or not the defendant was an habitual criminal and, hence, subject to the provisions of § 9-109, W.C.S. 1945. However, the evidence introduced by the state to show these convictions did not stand alone. Defendant on cross-examination admitted these prior convictions, and it is always permissible to ask the defendant on cross-examination as to whether or not he had been previously convicted of a felony or felonies for the purpose of testing his credibility. 98 C.J.S. Witnesses § 515, p. 433. In view of that fact, we are unable to see that any prejudice resulted to the defendant by giving the foregoing instruction.

Objection also has been made to two other instructions given by the court relating to the prior convictions of a felony of the defendant in Missouri. We have examined these instructions and are unable to see that any error was committed in giving them.

In the case at bar the prosecutrix submitted to the embraces of the defendant willingly and for a consideration. She did not reveal the crime until many months after its commission. The prosecution herein was not commenced until nearly two years had expired after the commission of the crime herein charged. In the meantime, December 1955, the defendant was married to a young woman. At the time of the trial of this case they had one child and a second child was on the way. Heinous as the crime was, it may well be, although we are not fully informed, that the parties interested, including the public authorities, should have given thought to the ancient maxim "Summum jus summa injuria"—strict law may give rise to the gravest wrong. But so far as this court is concerned,

being only a reviewing court, we are unable to see how we can do otherwise than to apply the law, strict as it is and even though it results in justice untempered. It is the province of another authority to give whatever merciful consideration is justified under all the circumstances of the case. We find no reversible error in the record and the conviction and the judgment of the trial court herein must be and are affirmed.

Affirmed.