[Crim. No. 19098. In Bank. Apr. 2, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
BENNY WAYNE WILLIAMS, Defendant and Appellant.

664

## Counsel

Harold F. Tyvoll, under appointment by the Supreme Court, and Michael Lloyd for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CLARK, J.**—Defendant appeals from judgment entered on a jury verdict convicting him of first degree robbery. (Pen. Code, §§ 211, 211a.) The judgment must be reversed.

Three masked gunmen robbed a grocery store. The tallest, armed with a revolver, forced the manager to open the safe. Meanwhile, the shortest, also armed with a pistol, walked within a few feet of the manager, ordering the customers to lie on the floor. The third robber, armed with a shotgun, remained at the front of the store. Removing approximately $1,200 from the safe and cash registers, the robbers escaped by automobile.

Ten days later, defendant was arrested on a warrant for an unrelated charge; a shotgun and ammunition were found in the car he was driving.

Subsequently, Thomas Morris was arrested for the robbery; his statement to Detective Eldon Smith implicated defendant and resulted in the charge against Morris being dropped.

Based on his voice and stature, the grocery store manager identified defendant at a lineup as the shortest of the three masked men; he repeated his identification of defendant at the preliminary hearing and at trial. None of the other five witnesses viewing the lineup was able to identify defendant.

At the preliminary hearing, the People called Morris but failed to elicit testimony from him adverse to defendant. In response to the prosecutor's questions, Morris denied having told Detective Smith that defendant first asked him to participate in the robbery and then later admitted having used a handgun in its commission, obtaining approximately $1,100. The People then called Detective Smith who testified that Morris had indeed made these statements to him.

At trial, Morris being declared an unavailable witness within the meaning of section 240, subdivision (a)(5), of the Evidence Code,[1] his preliminary hearing testimony was admitted under the former testimony exception to the hearsay rule set forth in section 1291, subdivision (a)(2), of the Evidence Code.[2] Detective Smith then repeated his testimony concerning Morris' prior inconsistent statements, the statements being admitted as substantive evidence under section 1235 of the Evidence Code.[3]

Defendant contends that admitting Smith's testimony regarding Morris' prior inconsistent statements violated his right of confrontation as guaranteed by the Sixth Amendment, and made applicable to the states by the Fourteenth Amendment, to the United States Constitution.

Section 1235 of the Evidence Code provides in effect that a prior inconsistent statement of a witness is admissible not only to impeach his credibility but also to prove the truth of the matters asserted therein. (*People* v. *Green* (1971) 3 Cal.3d 981, 985 [92 Cal.Rptr. 494, 479 P.2d 998] *(Green II).*) In *People* v. *Green* (1969) 70 Cal.2d 654 [75 Cal.Rptr. 782, 451 P.2d 422] *(Green I),* section 1235 was held unconstitutional as applied to admission at trial of prior inconsistent statements elicited at the preliminary hearing.

*Green I* was vacated in *California* v. *Green* (1970) 399 U.S. 149 [26 L.Ed.2d 489, 90 S.Ct. 1930]. The high court held that admission of a

---

[1]Section 240, subdivision (a)(5), provides that a witness is "unavailable" when "[a]bsent from the hearing and the proponent of his statement has exercised reasonable diligence but has been unable to procure his attendance by the court's process." Defendant contends that the. People failed to exercise reasonable diligence to procure Morris' attendance. We need not reach this question because, for the reasons stated below, Smith's testimony. regarding Morris' prior inconsistent statements was inadmissible on another ground.

[2]Section 1291, subdivision (a)(2), provides that evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and "[t]he party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing."

[3]Section 1235 provides: "Evidence of a statement made by a witness is not made inadmissible by the hearsay rule if the statement is inconsistent with his testimony at the hearing and is offered in compliance with Section 770."

Section 770 provides: "Unless the interests of justice otherwise require, extrinsic evidence of a statement made by a witness that is inconsistent with any part of his testimony at the hearing shall be excluded unless: [¶] (a) The witness was so examined while testifying as to give him an opportunity to explain or to deny the statement; or [¶] (b) The witness has not been excused from giving further testimony in the action."

witness' prior inconsistent statement to prove the truth of the matters asserted therein does not violate the confrontation clause provided (1) the statement was made by the declarant in testifying at the preliminary hearing, or (2) the declarant testifies at trial. (399 U.S. at pp. 158-159, 165 [26 L.Ed.2d at pp. 497-498, 501]; *People* v. *Green, supra,* 3 Cal.3d at p. 985.) Morris' prior inconsistent statements not having been made while testifying at the preliminary hearing, and Morris not having testified at trial, defendant contends he was denied his right to confront Morris.

However, we do not reach constitutional questions unless absolutely required to do so to dispose of the matter before us. (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 481, 484-485 [82 Cal.Rptr. 724, 462 P.2d 580]; *Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65-66 [195 P.2d 1]; *Estate of Johnson* (1903) 139 Cal. 532, 534 [73 P. 424].) ■ We need not reach the constitutional question here because Smith's testimony regarding Morris' prior inconsistent statements was not admissible under section 1235 of the Evidence Code.[4]

Statutes are to be construed so as to effect the intent of the Legislature. (Code Civ. Proc., § 1859; *Mercer* v. *Perez* (1968) 68 Cal.2d 104, 112 [65 Cal.Rptr. 315, 436 P.2d 315]; *Select Base Materials, Inc.* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) The official comments of the California Law Revision Commission on the various sections of

[4]Defendant's failure to object to Smith's testimony on this ground is excusable. It is the general rule, of course, that questions relating to the admissibility of evidence will not be reviewed on appeal absent a specific and timely objection at trial on the ground sought to be urged on appeal. (Evid. Code, § 353; *People* v. *Cannady* (1972) 8 Cal.3d 379, 387 [105 Cal.Rptr. 129, 503 P.2d 585]; *People* v. *De Santiago* (1969) 71 Cal.2d 18, 22 [76 Cal.Rptr. 809, 453 P.2d 353].) However, "we have excused a failure to object where to require defense counsel to raise an objection 'would place an unreasonable burden on defendants to anticipate unforeseen changes in the law and encourage fruitless objections in other situations where defendants might hope that an established rule of evidence would be changed on appeal.' " (*People* v. *De Santiago, supra,* 71 Cal.2d at p. 23, quoting *People* v. *Kitchens* (1956) 46 Cal.2d 260, 263 [294 P.2d 17]; see *People* v. *Beagle* (1972) 6 Cal.3d 441, 454 [99 Cal.Rptr. 313, 492 P.2d 1].)

In light of the fact that section 1235 was held applicable in like circumstances in *People* v. *Bynum* (1971) 4 Cal.3d 589 [94 Cal.Rptr. 241, 483 P.2d 1193], we cannot fault defense counsel for failing to foresee that we would reach a contrary conclusion today. In *Bynum,* a prosecution witness who testified at the preliminary hearing was unavailable at trial because he had died in the interim. Prior extrajudicial statements made by the witness were then admitted for the limited purpose of determining his credibility, the trial court viewing it as immaterial whether they were prior inconsistent statements, prior consistent statements, or past recollection recorded. (Evid. Code, §§ 1235, 1236, 1237.) The issue we consider today was not articulated in *Bynum,* the case turning instead on the confrontation clause issue, but this court did hold section 1235 applicable in the circumstances of that case. (4 Cal.3d at p. 603.)

the Evidence Code are declarative of the intent not only of the draftsman of the code but also of the legislators who subsequently enacted it. (*Kaplan* v. *Superior Court* (1971) 6 Cal.3d 150, 158, fn. 4 [98 Cal.Rptr. 649, 491 P.2d 1].) The commission's comments to sections 1235 and 1202 indicate that section 1235 applies at trial only to prior inconsistent statements of a trial witness.

Section 1235 provides: "Evidence of a statement made by *a witness* is not made inadmissible by the hearsay rule if the statement is inconsistent with his testimony at the hearing and is offered in compliance with Section 770."[5] (Italics added.)

The commission's comment to section 1235 states in pertinent part: "*Section 1235 admits inconsistent statements of witnesses because the dangers against which the hearsay rule is designed to protect are largely nonexistent. The declarant is in court and may be examined and cross-examined in regard to his statements and their subject matter.* In many cases, the inconsistent statement is more likely to be true than the *testimony of the witness at the trial* because it was made nearer in time to the matter to which it relates and is less likely to be influenced by the controversy that gave rise to the litigation. *The trier of fact has the declarant before it and can observe his demeanor and the nature of his testimony as he denies or tries to explain away the inconsistency.* Hence, it is in as good a position to determine the truth or falsity of the prior statement as it is to determine the truth or falsity of the inconsistent testimony given in court." (Italics added.)

Section 1202 deals with the impeachment of a declarant whose hearsay statement is in evidence as distinguished from the impeachment of a witness who has testified.[6] The commission's comment to section 1202 states in pertinent part: "Section 1235 provides that evidence of

[5]For the text of section 770, see footnote 3, *ante.*

[6]Section 1202 provides: "Evidence of a statement or other conduct by a declarant that is inconsistent with a statement by such declarant received in evidence as hearsay evidence is not inadmissible for the purpose of attacking the credibility of the declarant though he is not given and has not had an opportunity to explain or to deny such inconsistent statement or other conduct. Any other evidence offered to attack or support the credibility of the declarant is admissible if it would have been admissible had the declarant been a witness at the hearing. For the purposes of this section, the deponent of a deposition taken in the action in which it is offered shall be deemed to be a hearsay declarant."

inconsistent statements made by a *trial witness* may be admitted to prove the truth of the matter stated. No similar exception to the hearsay rule is applicable to a hearsay declarant's inconsistent statements that are admitted under Section 1202."

Another indication that section 1235 is inapplicable here is found in section 145 of the Evidence Code. Again, section 1235 provides: "Evidence of a statement made by a witness is not made inadmissible by the hearsay rule if the statement is inconsistent with his testimony *at the hearing* . . . ." (Italics added.) Section 145 provides: " 'The hearing' means the hearing at which a question under this code arises, and not some earlier or later hearing." Morris not having testified at trial—the hearing at which the admissibility of his prior inconsistent statements arose—those statements were not inconsistent with his testimony "at the hearing." (See *People v. Rojas* (1975) 15 Cal.3d 540, 548 [125 Cal.Rptr. 357, 542 P.2d 229].) Therefore, Smith's testimony regarding Morris' prior inconsistent statements was not admissible under section 1235. *People v. Bynum* (1971) 4 Cal.3d 589 [94 Cal.Rptr. 241, 483 P.2d 1193][7] and *People v. Browning* (1975) 45 Cal.App.3d 125 [119 Cal.Rptr. 420][8] are overruled to the extent they conflict with the views expressed herein.

It is reasonably probable that a result more favorable to defendant would have been reached in the absence of the error. (See Cal. Const., art. VI, § 13; *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) Used as substantive evidence, the erroneously admitted evidence amounted to a confession. During its deliberations, at its request, the jury heard the evidence again; soon thereafter the guilty verdict was returned. The only other evidence incriminating defendant was the store manager's identification of him. However, the robbers having been masked, the identification was based solely on defendant's stature and voice. Moreover, none of the other five witnesses viewing the lineup was able to identify defendant.

[7]See footnote 4, *ante.*

[8]In *Browning,* as in this cae, the preliminary hearing testimony of a person who was unavailable as a witness at trial was read into the trial record; evidence of a prior inconsistent statement made by that person was then admitted for the truth of the matters asserted therein. Like *Bynum, Browning* focused on the confrontation clause issue to the neglect of the hearsay issue. However, in holding that evidence of the prior inconsistent statement was properly admitted, *Browning* did rely on section 1235.

The judgment is reversed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Richardson, J., concurred.