Randy Lynn STAMBAUGH, Appellant
(Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 4724.

Supreme Court of Wyoming.

July 21, 1977.

Gerald M. Gallivan, Director, Wyoming Defender Aid, and Kristine Therkildsen, Wyoming Law School graduate, Laramie, for appellant.

V. Frank Mendicino, Atty. Gen., Peter Mulvaney, Sr. Asst. Atty. Gen., Allen C. Johnson, Wyoming Law School graduate and intern, Cheyenne, James Wolfe, County and Pros. Atty., and Harlan Rasmussen, Deputy County and Pros. Atty., Sheridan County, for appellee.

Before GUTHRIE, C. J., McCLINTOCK, RAPER and ROSE, JJ., and ROBERT A. HILL, District Judge.

HILL, District Judge.

Appellant was charged by information filed in Sheridan County with the crimes of first degree rape and sodomy. (§§ 6–63(A) and 6–98, W.S.1957, 1975 Cum.Supp.) The charges were an outgrowth of an incident occurring during the early morning hours of June 9, 1975, in which the prosecutrix and other companions picked up the appellant, his sister and another friend when the vehicle in which the appellant had been riding had stalled on the streets of Sheridan. Both parties had been driving the streets of Sheridan aimlessly.

The vehicle in which the prosecutrix had been riding was being driven by her older sister. They took the appellant's sister and their mutual friend to their designated destination in Big Horn. The appellant asked to be returned to his home in Sheridan.

They returned to Sheridan where they parked at a location close to the terminus of South Sheridan Avenue near the appellant's home. He asked the prosecutrix to accompany him to the front door of his house under the pretense that it would look better for him to be in her company than a "dude." He apparently made the further offer of the gift of some beer, presumably in appreciation of the ride, if she would escort him to his front door.

The prosecutrix, with some reluctance but at the urging of her older sister, acceded to the wishes of the appellant. The couple proceeded along a path through a heavily weeded area to a point close to the bank of a near-by creek. It was here that appellant seized the prosecutrix and made forceful advances upon her. She resisted and appellant became more aggressive in his effort. He was unsuccessful in completing coition and thereupon forced the prosecutrix to engage in oral genital contact.

It is from these facts that the charges stemmed. The jury acquitted the appellant on the charges of first degree rape and sodomy, but convicted on the lesser included crime of assault and battery with intent to commit rape.[1]

This appeal is from error asserted in the following particulars:

1. The case should not have been submitted to the jury on the issue of the first degree rape because no sufficient evidence of penetration was produced at trial. The case should have gone to the jury on the lesser offense and consequently defendant was prejudiced.

2. The defendant was prejudiced by the admission of a written prior statement which was presented to the jury with a sentence inexplicably deleted.

3. It was prejudicial for the case to be submitted to the jury on the issue of sodomy because the Wyoming sodomy statute is unconstitutionally vague and overbroad and does not specify oral genital contact within its proscription.

We will affirm the conviction and give attention to the points raised.

## LACK OF EVIDENCE TO SUBMIT CASE TO JURY ON FIRST DEGREE RAPE

The confines of this question bear upon the discretion of the Court to submit the case to the jury on first degree rape as the Court described the evidence allowable for submission on this crime. This was raised by a Motion for Judgment on Acquittal under Rule 30 W.R.Cr.P., at the close of appellee's case in chief. *Montez v. State*, 527 P.2d 1330, 1331 (Wyo.1974); *Opie v. State*, 422 P.2d 84, 85 (Wyo.1967). The appellant contends that penetration was not proven and submission to the jury of first degree rape was prejudicial.

The prosecutrix, in response to the question of what she felt poking at her (referring to the penis of the appellant), testified:

"Well, it was between the outer lips of my vagina. There's a little thing in between them, you know, and when you wipe it it tickles, you know, or something like that, and I felt it on that."

The indicia of penetration was explicit from the testimony of the prosecutrix. *Rhodes v. State*, 462 P.2d 722, 726 (Wyo. 1969); *State v. Hines*, 79 Wyo. 65, 331 P.2d 605, 607, cert. den., 366 U.S. 972, 81 S.Ct. 1938, 6 L.Ed.2d 1261 (1958). Such testimony was clearly substantial evidence of the crime charged which the trial court could not ignore. In light of such evidence, direction of a verdict of acquittal as concerned the charge of first degree rape would have been improper. The trial court's denial of appellant's motion for acquittal was not error. *Opie v. State, supra;*

---

1. Section 6–64, W.S.1957: "*Attempt to commit rape.*—Whoever perpetrates an assault or assault and battery upon any female with intent to commit the crime of rape, shall, upon conviction, be imprisoned in the penitentiary not less than one year nor more than fifty years."

*Fresquez v. State*, 492 P.2d 197 (Wyo.1971). This conclusion is reinforced by the fact that even if submission of the case to the jury on a charge of first degree rape was error, conviction on only the lesser offense of assault with intent to commit rape renders the alleged error harmless, *State v. Goettina*, 61 Wyo. 420, 158 P.2d 865 (1945); *Brown v. State*, 80 Wyo. 12, 336 P.2d 794 (1959); *State v. Herr*, 97 Idaho 783, 554 P.2d 961 (1976); *State v. Woolford*, 545 S.W.2d 367 (Mo.App.1976), even though appellant argues such submission implicitly expresses an opinion as to the greater crime. *Hill v. State*, 237 Ga. 794, 229 S.E.2d 737 (1976).

### DELETION OF PREJUDICIAL MATERIAL PRESENTED ⋅TO THE JURY FROM PRIOR IN-CONSISTENT STATEMENT PRESENTED TO THE JURY

The defendant testified in his own behalf, in the course of which a prior statement given by him was offered into evidence. The statement purported to account for his whereabouts on June 9, 1975, in contradiction to his testimony at the trial. The critical phraseology of the statement without deletion read:

> "There I met a man and left with him, sold two kilos of cocaine, and he took me home."

With the deletion, the statement read: "There I met a man and he took me home."

The appellant apparently contends that the blank left in the statement would be prey for the imaginations of the jurors to speculate on what was excised. He is now asking this Court to speculate on what the jury might have speculated in supplying incriminating verbiage to the blank space.

The paradox cast by the appellant is that he argued below through a Motion In Limine that the very material subsequently deleted was prejudicial, going specifically to the language "sold two kilos of cocaine, * * * *". The appellant now asserts error because the prejudicial material was edited out of the statement. The trial judge made a conscientious effort to remove prejudicial material from admissible evidence, and it was done with no interruption to the context of the statement. Appellant cites *United States v. Delli Paoli*, 229 F.2d 319, 321 (2 Cir. 1956), and *United States v. Bozza*, 365 F.2d 206, 215 (2 Cir. 1966), as authority for the prejudicial character of blanks in statements. These cases dealt with blanks supplied in lieu of the defendants' names in confessions used at their joint trial. This inevitably leads to questions of confrontation under the Sixth Amendment to the United States Constitution. These are not the facts we are dealing with here.

■ The Court would have acted tantamount to allowing the prosecution to place the appellant's character in issue if his statement were allowed to go before the jury with the objectionable material a part of it. The character of the appellant was never placed in issue in the course of his trial. *State v. Riggle*, 1956, 76 Wyo. 1, 298 P.2d 349, 363; *Anderson v. State*, 27 Wyo. 345, 196 P. 1047, 1055 (1921); Wharton's Criminal Evidence, (13th Ed., Torcia), Section 229, p. 492. The prosecution did not intend this result, nor can it be shown from the evidence that the appellant elected to put his character in issue. The Court acted properly and in the best interests of the appellant in furtherance of a fair trial by deleting the prejudicial and irrelevant material from his prior inconsistent statement.

### SODOMY SUBMITTED TO JURY ON STATUTE THAT IS VAGUE AND OVERBROAD AND DOES NOT PROSCRIBE ORAL–GENITAL CONTACT

The appellant maintains he was prejudiced by having a charge of the hideous crime of sodomy, which he contends is unconstitutional, juxtaposed to the crime of rape. This, according to appellant gave the jury an unfair and damaging impression of him, causing the jury to make comparisons which had the inevitable quality of insuring conviction of some crime. (§ 6–98, W.S. 1957 has since been repealed by § 3, Ch. 70, S.L.Wyo.1977.)

■ This question can be disposed of without passing upon the constitutional question raised, which is the prevailing and accepted rule. *State v. Kelley*, 17 Wyo. 335, 98 P. 886 (1909); *State v. Smart*, 18 Wyo. 436, 110 P. 715 (1910); *Bowers v. Getter Trucking Co.*, 514 P.2d 837 (Wyo.1973); *State v. Church*, 109 Ariz. 39, 504 P.2d 940 (1973); *People v. Williams*, 16 Cal.3d 663, 128 Cal.Rptr. 888, 547 P.2d 1000 (1976).

■ As with the charge of first degree rape, the appellant was not convicted of sodomy, yet he is asking this Court to engage in a chimerical exercise in academics based on his assertion that he was speculatively prejudiced by having the sodomy charge submitted to the jury. Again, the error, if any, was harmless. *State v. Goettina, supra; Brown v. State, supra; State v. Herr, supra; State v. Woolford, supra; Hill v. State, supra.*

Appellant's asserted grounds for error are contrived, imagined and totally without merit. We would leave the trial courts in hopeless ambiguity to give even a modicum of credibility to the hypothetical and speculative error now claimed.

The judgment is affirmed.

GUTHRIE, Chief Justice, concurring.

I concur in this opinion with the following observation.

It would not only have been improper for the trial judge to have directed the verdict of acquittal on the charge of first degree rape, but it was the duty of the trial judge to submit this question to the jury under this factual situation, *State v. Chambers*, 70 Wyo. 283, 249 P.2d 158, 162–163; and the duty to properly instruct the jury as to the general principles governing the case is a duty owed to the State as well as to the defendant, *Lester v. State*, Okl.Cr., 408 P.2d 563, 564; 1 Reid's Branson, Instructions to Jurys, § 4, p. 8, et seq. (1960 Repl.).