WYOMING HUMANE SOCIETY, Appellant
(Plaintiff below),

v.

R. I. PORT, State Veterinarian, Appellee
(Defendant below).

No. 3396.

Supreme Court of Wyoming.

Aug. 12, 1965.

William Jones, of Jones & Jones, Wheatland, for appellant.

John F. Raper, Atty. Gen., and Thomas A. Burley, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Plaintiff, the Wyoming Humane Society, filed a complaint against the State Veterinarian under the provisions of the Uniform Declaratory Judgments Act (§§ 1–1049—1–1064, W.S.1957), asking the court to declare the meaning of § 9–175, W.S. 1957, and § 11–545, W.S.1957, ff., indicating whether or not the activity of steer roping and busting, as described by plaintiff, constitutes cruelty. The defendant answered, raising several defenses, including the assertion that no claim had been stated, that plaintiff had an adequate and speedy remedy at law, and that there is no uncertainty or controversy which would be terminated by a declaratory judgment.

The court, treating the answer as a motion to dismiss, entered an order of dismissal, from which the plaintiff has appealed to this court. At the inception, we note plaintiff's charge of the court's error in entering an order on defendant's "motion to dismiss" when one had not in fact been filed. While the entry was improper and the court is as unwarranted in taking steps outside the orderly prescribed procedure as is counsel, plaintiff cannot be heard to raise the point after having, as the record shows,

appeared for oral argument regarding dismissal and in effect having waived the defect. Plaintiff was not prejudiced, and as it concedes, this court should not reverse the order on this ground alone.

The questions raised, although inspecific in various aspects, are not complicated. Section 11-545 defines the word "animal" as including every living dumb creature and defines "torture," "torment," and "cruelty" as including every act, omission, or neglect whereby unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue when there is a reasonable remedy or relief. The following section states that every person who is guilty of torture shall be punished as provided therein. Section 11-551 provides that any officer or agent of the Wyoming Humane Society may lawfully interfere to prevent the perpetration of any act of cruelty upon any animal in his presence. Section 11-552 provides that any member of the Wyoming Humane Society may require any sheriff, constable, marshal, policeman, or authorized agent of the society to arrest a person found violating any of the provisions of §§ 11-545 to 11-559. Section 9-175 provides, among other things, "it shall be the duty of the state veterinarian to secure the enforcement of the law for the prevention of wrongs to dumb animals."

There is no record of arguments presented in the trial court, but in its argument here the plaintiff cites various cases indicating that its request for interpretation is justified in that there exists an actual controversy, that the parties before the court are entitled to the right to have it resolved, and that an interpretation which might be given will determine further controversy.

Since no cases of a like or similar nature are presented for the assistance of this court and the reasoning of counsel is by logic and analogy, it is unnecessary that the authorities cited be here discussed.

■■ Section 1-1056, a part of the Uniform Declaratory Judgments Act, provides, "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered would not terminate the uncertainty of controversy giving rise to the proceeding." Under such provision, the trial court has wide discretionary powers. 2 Anderson, Actions for Declaratory Judgments, § 390 (2 ed.); 26 C.J.S. Declaratory Judgments § 11; 16 Am.Jur. Declaratory Judgments § 14. This discretion is not an arbitrary one, but one which should be based upon sound legal principle. As will be observed by reference to the mentioned authorities, the court in the exercise of such discretion is not required to render a futile judgment that would not terminate any uncertainty or controversy or render advisory opinions. In that regard, it is well stated in Borchard, Declaratory Judgments, p. 79 (2 ed.), "There are occasions when * * * petitions are so loosely drawn as to warrant the courts in maintaining that some essentials of a justiciable controversy are lacking, by way of interested parties or a contested issue, operative, concrete and pleaded facts or the maturity or utility of the action." Such, we think, is the case before us. In the first place, no person or agency claimed to have violated the cruelty laws has been joined as a party with an opportunity to present to the court views which might be in opposition to those of the Wyoming Humane Society. Moreover, the descriptions of the activities of which complaint is made are general. It is doubtful in the extreme that a pronouncement by the court based upon the complaint could terminate any controversy said to exist. In the light of that situation and the fact that other remedies are available to the plaintiff,[1] we see no abuse of discretion. Such

1. As noted in Anderson v. Wyoming Development Co., 60 Wyo. 417, 154 P.2d 318, 348, it may be said to be a uniform rule of construction that proceedings for a declaratory judgment will not be entertained where another equally serviceable remedy has been provided for the character of case in hand.

remedies are various and we would not undertake to limit them, but certainly two which are obvious would accomplish the announced purpose of plaintiff: direct prosecution by plaintiff or one of its members; mandatory injunction against the veterinarian, stating the exact violation and joining the persons or agencies said to be violators.

There are thus numerous reasons why the trial court did not abuse its discretion in dismissing the complaint and thereby refusing to enter a declaratory judgment on the matters asserted in the complaint. Plaintiff not having met its burden of showing an abuse of discretion, the trial court's order of dismissal must be affirmed.

Affirmed.

GRAY, J., not participating.

McINTYRE, Justice (concurring).

My personal opinion is that an action for declaratory judgment is a proper remedy for a case of this kind, and that plaintiff's complaint should not have been dismissed without a hearing on the issues asserted. However, I must agree courts are allowed a certain latitude in denying the remedy of declaratory judgment when it appears a more appropriate remedy is available.

No purpose would be served by stating divergent views as to which of the remedies available for an action of this kind would be more appropriate. Chief Justice Parker has stated in his opinion that, among other available remedies, a mandatory injunction against the state veterinarian would accomplish the announced purpose of plaintiff, if the exact violation is stated and the persons or agencies said to be violators are joined.

This pronouncement gives the Wyoming Humane Society substantially what it has sought in its appeal in the instant case. For practical purposes, the initiation of such an action would be equivalent to a reversal in the present case, since a reversal would still require this case to be remanded for trial on the issues asserted. Also, if persons or agencies said to be violators are joined, in the event of a suit for mandatory injunction, it may avoid a question as to whether all necessary parties are before the court.