James **GRIFFITH**, Wyoming State Treasurer ex rel. **WORKMEN'S COMPENSATION DEPARTMENT**, Plaintiff,

v.

William E. **STEPHENSON** et al., Defendants.

No. 4045.

Supreme Court of Wyoming.

March 14, 1972.

Edward L. Grant, Sp. Asst. Atty. Gen., Cheyenne, for plaintiff.

Ernest Wilkerson and John Burk, Casper, for defendants Stephenson and Wilkerson.

No appearance for defendant Reed Roller-Bit Co.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

McINTYRE, Chief Justice.

In February of 1966, William E. Stephenson was an employee of Waukesha Engine and Equipment Company. He was driving a pickup truck in connection with his duties when he was involved in a collision with an automobile owned by Reed Roller-Bit Company. Stephenson received workmen's compensation benefits in the amount of $2,011.11.

In addition to his compensation benefits, Stephenson brought an action for damages against Reed Roller-Bit Company, and that suit was settled for $12,500. In this action, Stephenson was represented by attorney Ernest Wilkerson.

A dispute arose with the workmen's compensation department pertaining to the amount which should be reimbursed to the industrial accident fund. Suit was brought by the state treasurer to recover the amount claimed by the workmen's compensation department. At the request of Ernest Wilkerson, attorney, the district court has certified two constitutional questions to the supreme court, as follows:

"1. Does the formula for recovery by the State of Wyoming Workmen's Compensation Department in the event of third party liability to a Workmen's Compensation claimant as set forth in section 27–54, Wyoming Statues [sic] 1957 [Supp.] violate the Fifth Amendment to the Constitution of the United States and Article 1, Section 6 of the Constitution of the State of Wyoming?

"2. Does the formula for recovery by the State of Wyoming Workmen's Compensation Department in the event of third party liability to a Workmen's Compensation claimant as set forth in Section 27–54, Wyoming Statues [sic] 1957 [Supp.] violate the Thirteenth Amendment to the Constitution of the United States?"

In Harding v. State, Wyo., 478 P.2d 64, 66, it was pointed out that we have time and again held the supreme court has no jurisdiction to pass upon a reserved constitutional question until after the trial court has disposed of and has decided the meaning and effect of the statutes in question necessarily arising in a case.

Rule 52(c), W.R.C.P., makes it clear the district court, before reserving a constitutional question to the supreme court, shall dispose of all necessary and controlling questions of fact and state its conclusions of law on all points of construction, interpretation and meaning of statutes.

The statute referred to in the questions of the district court was amended in 1969, with an effective date of July 1, 1969. The state treasurer's action to recover a portion of the settlement funds was commenced June 24, 1969. However, it appears no final judgment has been entered and no division of funds has yet been made. We find in the record no determination by the trial court as to whether the statute

as it existed prior to July 1, 1969, or the statute as amended in 1969, will be applicable when a division of funds is made in this case. Such a determination must be made before we can answer the constitutional questions submitted.

If it should be determined that the statute as it existed prior to July 1, 1969 should apply, then it must be noted what Wilkerson is arguing to us. He states " * * * if the provisions of 27–54 W.S. 57 mean what Workmen's Compensation people say they mean, then they are unconstitutional and a denial of due process." This suggests there is an absence of interpretation by the district court. The record also discloses such an absence.

Not only is it necessary for the district court to determine which statute will be applicable when funds are divided in this case, but it must also state its conclusions of law on all points of construction, interpretation and meaning of statutes, as provided in Rule 52(c).

In making its determination as to which statute should be applied when funds are divided in this case, it may be important to keep in mind that a contention of unconstitutionality is being made upon the ground of a denial of due process—or lack of fundamental fairness and substantial justice. It has been suggested in argument to us that the legislature has recognized the lack of justice and fairness in the older law and this doubtless has prompted amendment.

We wish to further caution the trial court that it should not further certify constitutional questions to the supreme court in this particular case, unless and until it is sure all necessary constitutional questions are considered. We say this because the brief of Ernest Wilkerson, attorney for Stephenson and for himself, suggests we should look to another constitutional provision, Art. 10, Sec. 4, Wyoming Constitution. He also suggests Art. 1, Section 33, pertaining to the taking of private property without just compensation may have a bearing.

Many states do not have a constitutional provision comparable to our Art. 10, Sec. 4. Therefore, it may have a significance not reflected in decisions of other states. It would appear that this particular constitutional provision may need consideration in determining whether the legislature has exceeded its authority in providing as it has for a division of funds recovered by a workman from a third party.

In view of what we have said, it is apparent this case must be remanded without answers to the constitutional questions submitted.

Case remanded. Questions unanswered.