## ROBERTS v. CITY OF ROCK SPRINGS, ET AL.

(No. 2022; June 15, 1937; 68 Pac. (2d) 891)

90

For the plaintiff there was a brief and oral argument by *W. W. Tipton* of Laramie.

For the defendants, there was a brief and oral argument by *W. W. Magagna* and *Lewis H. Brown* of Rock Springs.

96

RINER, Justice.

This case is submitted to this court upon certain reserved constitutional questions declared to be important and difficult and as arising upon the record certified by the Clerk of the District Court of Sweetwater County. The procedure invoked is detailed in Sections 89-5001 to 89-5003, inclusive, W. R. S., 1931. The record so certified consists of plaintiff's petition, and demurrer of the defendants thereto, and the reserved questions.

The substance of the pleading to be considered is as follows: Plaintiff alleges as a cause of action against the defendants named that the defendant City of Rock Springs is a municipal corporation, a city of the first class, with a population of more than 4,000 inhabitants, located in Sweetwater County, Wyoming; that the other defendants are respectively the Mayor, the Chief of the Fire Department and the Councilmen of said City; that the plaintiff since June 1, 1926, during the year 1933, and at the time of the adoption of Chapter 49 of the Session Laws of Wyoming, 1933, was "an employee of the Paid Fire Department regularly recognized and maintained by said City;" that since January 1, 1937, plaintiff had thus been employed as a teamster and truck driver, at a salary of $150.00 per month, having been so employed on January 8, 1936; that on the date last mentioned the defendants, other than the City of Rock Springs, unlawfully removed and

discharged the plaintiff, in violation of the latter's rights under the aforesaid Chapter 49; that since that date they have prevented the plaintiff from performing duties as an employee of said Fire Department and from receiving his monthly salary, though he has been at all times ready to perform such duties.

It is also alleged that on September 8, 1936, the plaintiff filed with said City his claim for wages from January 9, 1936, to August 31 of that year, which the Mayor and City Council of said City have disallowed; that on September 8, 1936, plaintiff filed with said Mayor and City Council his demand for reinstatement as a member of said Fire Department, but that this demand was disallowed, the defendants claiming they had a legal right to remove the plaintiff from his employment as aforesaid and that they are not bound by the provisions of Chapter 49, above mentioned. It is then averred that plaintiff's removal was made in violation of the provisions of said Chapter 49 for the reasons that no Fire Department Civil Service Commission was ever attempted, or in fact established in said City; that no written notice and specifications for the plaintiff's discharge were given him or filed with such Commission and that no hearing or investigation was held by such Commision.

The plaintiff, it is further alleged, is a person interested in Chapter 49 aforesaid, whose rights are affected thereby and who desires to have its meaning and validity determined as provided by Sections 89-2401 to 89-2416, inclusive, W. R. S., 1931, the Law of this State known as the Uniform Declaratory Judgment Act. It is finally pleaded that the court having declared the construction and meaning of said Chapter 49, the plaintiff desires the court to enter such judgement as the facts require, giving the plaintiff just and equitable relief, including a judgment against the defendants, or any of them, for his wages and salary, in

such amount as may be found to be due. The prayer of the petition is for the relief thus sought, including an injunction against the defendants restraining them from removing him from the Fire Department of the City aforesaid.

The defendants demurred to this petition on the ground that it "does not state facts sufficient to constitute a cause of action against these defendants, or any of them."

The district court of Sweetwater County heard the arguments of counsel upon the issues thus raised, reserved its ruling thereon and ordered some nine constitutional questions relating to Chapter 49 aforesaid to be certified to this court. It will be unnecessary to state them at this time.

In State ex rel. Lee, Attorney General, v. Continental Oil Co., 48 Wyo. 152, 43 Pac. (2d) 686, earlier decisions in this jurisdiction were reviewed, and it was held that if the original papers certified and the parties' briefs thereon disclosed that other than constitutional questions were necessarily involved, are called upon and have not been previously decided finally by the district court and that such questions have not been waived by the parties, this court lacks jurisdiction to answer the constitutional questions reserved upon such record, the trial judge's certificate or order reserving them not being regarded as controlling the matter.

In School District No. 14, Fremont County, v. School District No. 21, Fremont County, 48 Wyo. 511, 49 Pac. (2d) 682, it was also held that this court may not in the first instance on reserved questions deal with matters of statutory construction. See also McFarland v. City of Cheyenne, 48 Wyo. 86, 42 Pac. (2d) 413.

Defendants on the argument of this case and in their brief have earnestly contended that the City of Rock Springs does not have a "paid fire department" within the proper construction of the language of Chapter 49,

supra, when considered in its entirety. They say that there are in the cities and towns of this state three types of paid fire departments: (1) A regular full time paid fire department, where the members thereof are solely engaged in their occupation of firemen and receive regular monthly salaries; (2) A type of fire department such as is claimed to exist in Rock Springs, consisting of two regular full time paid truck drivers and one relief truck driver, and all the other members of the fire department of said City, including the fire chief, being what may be called "volunteer firemen", although that word may not be precisely appropriate in describing them; that all the members of the Rock Springs Fire Department, with the exception of the truck drivers, above mentioned, are each and all engaged in their own occupations and answer a fire call when an alarm is sounded, if they happen to be in the city, are available and are able to go to the fire; that in so far as their daily occupations are concerned, these are apart from their duties as firemen, and one may be a mechanic, one employed by the railroad and another may be a carpenter or merchant's clerk; that these volunteer or part time firemen are paid a nominal compensation quarterly; (3) The type of fire department wherein all the members thereof are volunteer firemen and simply go to a fire when an alarm is sounded, although these men likewise receive some compensation, and in that sense they are paid firemen.

Cases suggested as dealing with the question raised are Continental Hose Co. No. 1 v. City of Fargo, 17 N. D. 5, 114 N. W. 834; Seavert v. Cooper et al., 187 Iowa 1109, 175 N. W. 19.

Chapter 49 of the Session Laws of Wyoming, 1933, has twenty sections, eighteen of which, when surveyed together and speaking generally, deal with the establishment and maintenance of a Fire Department Civil Service Commission in each of the incorporated cities

and towns in the State of Wyoming "maintaining a paid fire department and having a population of over four thousand, according to the latest United States census". The Act provides, among other things, for the appointment by the mayor and confirmation by the city's legislative body of three commissioners, and fixes their terms of office, but expressly provides they shall serve without compensation. It requires the city's legislative body to furnish said commissioners with proper office accommodations and supplies. It directs the Commission to classify employment in the fire department into classes or schedules, based upon the nature of the duties to be performed, and to examine all applicants for eligible ratings in such classes as to their qualifications; only persons whose proficiency in rating is at least seventy-five per cent of complete can be certified by the Commission to the Mayor and city legislative body, who are permitted to employ only such persons. These employees so chosen, including "all persons at the time of the adoption of this Act occupying positions affected by the provisions of this Act" can be discharged only upon written notice and specifications filed with the Commission and opportunity given the employee to answer the charge or charges, a hearing or investigation had by the Commission and a determination by it whether the reason for the discharge is sufficient.

This outline of some of the more important provisions of the Act makes it plain that the law is designed to supply a rather elaborate scheme of Civil Service government for the fire departments of the cities effected.

It is apparent we think, that the question above suggested and argued on behalf of the defendants involves no constitutional problem, but is a mixed question of fact and statutory construction. If the law should be construed as not applying to such a fire department as

the City of Rock Springs in fact possesses, then there will be no need of solving any constitutional questions in disposing of this case. Under the ruling of this court, cited above, we have no jurisdiction to decide any alleged constitutional questions until all other questions are disposed of in the pending litigation.

It may perhaps be noted that it is admitted that the Mayor and Council of the City of Rock Springs have never appointed and confirmed such a Commission. What the effect of their failure so to do may be upon the actual operation of the law in the City of Rock Springs as it concerns the plaintiff in this case is, of course, not a constitutional question, yet it would seem to arise upon this record, as do other questions, which need not now be mentioned.

It must be clear, therefore, that we cannot at this time answer the certified questions propounded, and the cause must be remanded to the district court of Sweetwater County for further proceedings therein, and an order to that effect will be entered.

*Case remanded—Questions unanswered.*

BLUME, CH. J., and KIMBALL, J., concur.