THE STATE OF WYOMING, on the Relation of ROBERT W. KEEFE, NORMAN SPEAR, ROBERT J. SMALLEY, WALTER HALLE, CHARLES H. DURNING, *Petitioners,*

vs.

BRUCE S. JONES, Mayor of the City of Cheyenne, Wyoming, *Respondent.*

(No. 2326; July 31st, 1945; 161 Pac. (2d) 135)

62

For the petitioners the matter was submitted on the brief and also oral argument of Allen A. Pearson, of Cheyenne, Wyoming.

For the respondent the matter was submitted on the brief and also oral argument of Carleton A. Lathrop and A. Joseph Williams, both of Cheyenne, Wyoming.

## OPINION

Per Curiam.

This cause comes before this court upon a number of reserved constitutional questions asserted by the order of the District Court of Laramie County, Wyoming, which made the reservation, to be important and difficult and as arising upon the record duly certified

here by the clerk of that court. §§ 89-5001 to 89-5003, inclusive, W. R. S., 1931, indicate the procedure which must be followed in such matters.

In State v. Kelley, et al, 17 Wyo. 335, 98 Pac. 886, a case involving procedure under the statutes above referred to, this court pointed out that, "It is a uniform rule that courts do not pass upon the constitutionality of a statute unless the necessity therefor in the case pending clearly appears (Cooley Const. Lim., Sec. 163)."

Reiterating the same rule in substance the decision in the later case of State v. Smart, 18 Wyo. 536, 110 Pac. 715, a cause of like character with that of the Kelley case, supra, so far as procedure is concerned, declared also that:

"And it has been uniformly held that this court will examine the original papers certified to it by the District Court in order to determine whether such questions arise in the action or proceeding, and whether their determination is necessary to a disposition of the case; * * *."

In both of these cases the constitutional questions undertaken to be reserved were returned to the several district courts unanswered, and in the Kelley case, supra, the following positive language was used:

"we are of the opinion that it would be not only improper to decide the constitutional question sought to be presented on the brief and the reserved questions, but that this court is without jurisdiction to do so until it shall plainly appear that such decision is necessary to the disposition of the demurrer."

The legal principles thus announced have been recognized and followed in Budge v. Commissioners, 29 Wyo. 35, 208 Pac. 874; In re Gillette Daily Journal, 44 Wyo. 226, 11 Pac. 2d 265; State ex rel. Lee, Attorney General v. Continental Oil Co., 48 Wyo. 152, 43 Pac.

2d 686; and Roberts v. City of Rock Springs, 52 Wyo. 89, 68 Pac. 2d 891.

We proceed, therefore, to examine the record now before us to determine in the light of these decisions what is the proper course for this court to follow relative to the questions thus propounded.

The action is one brought by certain residents and qualified electors of the City of Cheyenne, Wyoming, to obtain a writ of mandamus commanding the respondent, Bruce S. Jones, as Mayor of said City, to forthwith issue a proclamation calling a special election therein for the purpose of submitting to the qualified electors of that city the proposition as to whether that city should adopt the City Manager form of municipal government as provided for by Ch. 22, Art. 8, W. R. S., 1931, as amended by Ch. 32, Laws of Wyo., 1943, and Ch. 114, Laws of Wyo., 1945.

§ 22-802, W. R. S. 1931, which provides for the issuance of such a proclamation under certain circumstances, reads as follows:

"§ 22-802. Within five days after filing with the city clerk of a city, of a petition of electors of said city equal in number to ten per centum of the number of registered electors of such city, the mayor thereof shall by a proclamation to be published in at least one newspaper in said city for three times, submit the question of accepting the provisions of this article at a special election to be held at a time specified therein not less than thirty days and not more than sixty days after said petition is filed. If the provisions of this article are not accepted at such special election, the question of accepting said provisions shall not again be submitted to the voters of said city for adoption within two years thereafter. The signature to the petition need not all be appended to one paper, but each signer shall state his place of residence and street number. One of the signers of each paper shall make oath that each signature to the paper appended is the genuine signature of the person whose signature it purports to be."

The City of Cheyenne is a city originally incorporated and for many years operating under a special charter; subsequently it adopted the commission form of municipal government (W. R. S. 1931, Art. 6) and for more than thirty years has conducted its affairs thereunder. In order to understand the nature of some of the questions raised by the pleadings in this cause, which will be presently briefly and in substance reviewed we now refer to §§ 22-629 and 22-630, of Art. 6, aforesaid, which supply the procedure to be followed when it is desired to abandon the commission form of government after a city has operated under it for a certain number of years as specified in the law. They provide:

"§ 22-629. At any time after the expiration of three years from the adoption by any city of the provisions of this article, such city can abandon such form of government as herein provided."

"§ 22-630. Within five days after the filing with the city clerk of a petition of electors equal in number to fifteen per centum of the number of registered electors of such city, the mayor shall, by proclamation to be published at least three times in any newspaper of general circulation within such city, submit the question of abandoning the commission form of government to a special election to be held at a time specified therein, not less than thirty days nor more than sixty days after said petition is filed."

The petition for the writ of mandamus after stating that the petitioners were and are residents and qualified electors of the City of Cheyenne; that they signed a petition calling for the submission of the proposition as to whether the City of Cheyenne should adopt the city manager form of government as provided for by Ch. 22, Art. 8, W. R. S., 1931, and amendments thereof mentioned above; that they bring the action on their own behalf and that of all others who subscribed said petition; that the respondent is the Mayor of the city

aforesaid and that said petitioners in conjunction with other qualified electors of said city, prepared and circulated said petition, in paragraph "V" of their pleading alleged:

"That at the last general election held in said city of Cheyenne there were 12,855 registered electors in said city, and there are 1770 signers on said petition, or more than ten percentum of the number of registered electors of said city, all of whom are qualified electors of the city of Cheyenne, Wyoming, and all of whom personally signed said petition, giving also their Cheyenne addresses and the dates of their signing. All the various sections of said petition were circulated by qualified voters of said city and have attached thereto the affidavit of the person soliciting signatures to the same, stating that all the signatures thereto attached were made in his presence and that they are the genuine signatures of the persons whose names or signatures they purport to be."

It is also alleged that this petition for the issuance by said Mayor of the proclamation for a special election to vote upon said proposition was duly filed in the office of the Clerk of said city on April 27, 1945; that the said Mayor has declined and refused and still declines and refuses to issue his proclamation calling for the special election sought by petitioners and fixing the date thereof, such refusal being in violation of § 22-802, supra; that this special election can only be called by proclamation of the Mayor and that the refusal of that official to act, wrongfully denies the rights of the petitioners arising under the laws of this State. Other allegations are set forth but the foregoing resume will, we think, be sufficient for the present consideration of this cause.

Upon this petition an alternate writ of mandamus was issued directing that cause be shown by respond-

ent why he has not issued the proclamation asked for by petitioners. Pursuant to this writ, respondent filed his answer which admitted many of the averments of the petition aforesaid including those charging that he had refused and still refuses to issue the proclamation desired by petitioners. All allegations of the petition not specifically admitted by the answer were denied. The following excerpts from the respondent's answer will disclose sufficiently its scope as regards the material questions raised by it.

Paragraph "5" of respondent's answer reads:

"Answering paragraph V of said petition, respondent admits that at the last general election held in said City of Cheyenne there were 12,855 registered electors in said City, and admits that there are 1770 signers on said petition. That respondent has no knowledge or information sufficient to form a belief, and therefore specifically denies each and every other allegation of fact contained in said paragraph V.

"Respondent further alleges that said petition, with the 1770 signers, was filed with the City Clerk of said City on April 27, 1945, and immediately thereafter delivered to him; that it was impossible, within five days thereafter, for respondent to investigate and determine whether the 1770 names affixed to said petition were electors of the City of Cheyenne."

The concluding two paragraphs of the answer numbered "12" and "13" respectively are verbatim:

"12. Respondent further alleges that said Chapter 22, Article 8, Wyoming Revised Statutes, 1931, as amended is in violation of Section 1 of Article XIII of the Constitution of the State of Wyoming, and also in violation of Section 34 of Article I of the Constitution of the State of Wyoming.

"13. Respondent further alleges that the City of Cheyenne is a Municipal Corporation operating under a Special Charter approved by the Legislature of the Territory of Wyoming in 1877, which Charter is found in Section 22-1901 to 22-1931, inclusive, Wyoming Re-

vised Statutes, 1931, as amended and supplemented by later enactments of the Legislature; that pursuant to the provisions of Section 22-601 to 22-633, inclusive, Wyoming Revised Statutes, 1931, said City duly adopted the Commission Form of Government on January 5, 1914; that the said City has never abandoned said Special Charter or Commission Form of Government."

To this answer petitioners filed their reply, in form a general denial of "each and every allegation of new matter therein contained".

Evidence under these pleadings was taken on behalf of both parties and upon the conclusion thereof, the court, without further action concerning the other questions, raised and submitted by the pleadings and proofs in the case, upon its own motion made the order relative to the constitutional questions which we are asked at this time to answer.

It is evident from outline of the pleadings set forth above, and upon the proofs submitted thereunder, that pertinent and important questions of fact and also of statutory construction were presented to the District Court for its disposition. Among them may be mentioned the factual question whether the petition for the proclamation of a special election in said City of Cheyenne, as desired by petitioners, actually and in truth had the necessary number of registered electors as signers thereof and also the legal questions involving statutory construction in connection with the inquiry whether said city is required to abandon the commission form of government before it may adopt the city manager plan for the conduct of its municipal affairs.

At the argument of this cause in this court, it was frankly conceded by the parties that both important questions of fact and controlling questions of statutory construction were before the District Court for its determination, and which might dispose of the action, were left without rulings thereon. These questions

necessarily involved have not been waived by the parties but are, as we are advised, specifically relied upon by them.

Under the repeated decisions of this Court cited above, we are without jurisdiction to consider the submitted constitutional questions until all necessary and controlling questions of fact and of statutory construction have been disposed of by the trial court.

Our attention has been called to our previous decision in McFarland v. City of Cheyenne, 48 Wyo. 86, 42 Pac. 2d 413. In that case it was suggested that there was a possibility merely of other than constitutional questions arising upon the record there, but our examination of that record led us to the conclusion they were inconsequential and could not dispose of the cause. The constitutional questions submitted in that case was therefore examined and answered. In that case however, we specifically recognized the rule announced by the decisions we have mentioned above and a number of them were in the opinion therein cited and it was there said:

"We have held, moreover, that we will not pass upon any constitutional questions until matters of statutory construction or of fact, which may dispose of a case, have been decided by the trial court."

Accordingly, we are obliged to conclude that an order should be entered herein directing the return of this case to the District Court of Laramie County, with the submitted questions unanswered, the trial judge's certificate or order reserving them not being regarded as controlling the matter. Roberts v. City of Rock Springs, supra.

*Case remanded—questions unanswered.*