Bryan White, Ray Bottom, S. W. Vogel, Noel Hall, Arthur McKechnie, Jr., and William W. Whitney,

*Plaintiffs,*

vs.

Board of County Commissioners of the County of Albany, and James D. Gay, individually and as County Commissioner, George W. Dodge, individually and as County Commissioner, and Ralph E. Buescher, individually and as County Commissioner,

*Defendants.*

(No. 2784; June 25th, 1957; 313 Pac. (2d) 484.)

For the plaintiffs the cause was submitted on the brief of Ellery, Gray & Hickey of Cheyenne, Wyoming, and oral argument by Mr. J. J. Hickey.

For the defendants the cause was submitted on the brief and also oral argument of Lynn Rees, County and Prosecuting Attorney of Albany County, Laramie, Wyoming.

Heard before Blume, C.J., Harnsberger, J., and Mc Avoy, D.J.

248

## OPINION

Mr. Chief Justice BLUME delivered the opinion of the court.

This case is before us on a reserved constitutional

question pursuant to § 3-5501, Wyoming Compiled Statutes, 1945.

On October 30, 1956, the plaintiffs commenced an action in the District Court of Albany County, Wyoming, to enjoin the Board of County Commissioners of said county and the individual members thereof from issuing the so-called recreational facilities bonds, alleging the illegality of those bonds. It appears that, pursuant to resolutions duly passed by the said board of county commissioners, an election was held on August 21, 1956, for the issuance of the so-called recreational facilities bonds. The actual question submitted to the voters of Albany county was as follows:

"Shall the Board of County Commissioners of Albany County, Wyoming, be authorized to issue coupon bonds of said County the principal amount of $250,000.00 bearing interest at a rate not exceeding 4% per annum, payable semi-annually, said bonds to be due and payable serially within 10 years after their date in amounts which will require substantially equal annual tax levies for principal and interest during the period, for the purpose of constructing and equipping a public building and acquiring, improving and developing pleasure grounds and recreational facilities for the use of the inhabitants of said County?"

At the said election the voters of said county voted as follows: taxpayers—2164 for and 1697 against; non-taxpayers—887 for and 347 against.

The bonds are intended to be issued pursuant to provisions of Chapter 150, Session Laws of Wyoming, 1951, which provides in Section 1 as follows:

"26-801. The Board of County Commissioners of any organized county in Wyoming is authorized and empowered in the discretion of such Board to acquire

lands and other property for the purposes of fair grounds, airports, parks and pleasure grounds; to maintain, improve and develop and to construct, maintain and operate a public auditorium, athletic fields, civic center or other community building, which may, if desired by said board, be intended and designated as a Memorial to the servicemen and servicewomen of the United States of America in any of its Wars upon such property for the purposes aforesaid; to maintain, manage and conduct agricultural, industrial and other fairs and exhibitions, public parks and pleasure grounds; to appoint a Board of Trustees, as hereinafter provided, to maintain, manage and conduct agricultural, industrial and other fairs and exhibitions, public parks and pleasure grounds upon, and in connection with, any such properties owned, acquired by, or over which the said Board of County Commissioners has control; and, in general, to do any and all things needful, usual or proper in the discretion of said Board of County Commissioners for the purpose of carrying out and making effective the powers conferred by this Article."

Section 2 of the Act authorizes the board of county commissioners to levy taxes, issue bonds or incur indebtedness in like manner as is or may be authorized by law for other county purposes.

Section 4 of the Act provides that the management and control of pleasure grounds and so forth shall be vested in a committee of 5 citizens of the county to be appointed by the county commissioners. For the purposes of this case, it is not necessary to set out the details of this section.

Also involved is Chapter 24, Session Laws of Wyoming, 1951. Briefly this chapter provides that the governing body of any city, town, village, county or school district may establish a system of public recreation and playgrounds; that the board of county commissioners is authorized to make levies and expend

funds obtained from said levies for recreational purposes. However, this chapter does not provide for the issuance of any bonds.

The defendants in this case filed an answer to the petition alleging in substance the legality of the issuance of the bonds hereinbefore mentioned. When the case came to be heard by the district court, it made certain findings and thereupon reserved a constitutional question to this court as follows:

"Is Subsection 4 and Subsection 2 of Chapter 150, Session Laws of Wyoming, 1951, unconstitutional and void as in contravention of one or more of the provisions of the Constitution of the State of Wyoming, and particularly in contravention of one or more of the provisions designated as Section 16, Article 6?" (This is a clerical error. What was meant is Article 16, Section 6.)

The question of this constitutionality has been argued in this court.

The contention made by the plaintiffs herein is stated in paragraph 8 of the petition filed in the case and is as follows:

"That the plaintiffs further allege that defendants claim purported authority to issue the bonds and to enter into the sale of said bonds and the use of proceeds therefrom under Section 26-801 and 26-802, W. C.S. 1945, as amended by Chapter 150 of Session Laws of Wyoming for 1951; that this chapter and these sections are not intended for authority to issue recreational bonds and that said sections and chapter if so intended are repugnant to the State Constitution of the State of Wyoming and in conflict with Article 16, Section 6 of said constitution and further that said Chapter 150 is limited by Chapter 24 of the Session Laws of Wyoming of 1951 which does not authorize them to issue bonds for 'recreational facilities'; and for the

further reason that the term 'recreational facilities' is vague and indefinite and did not apprise the taxpayers of how much of the appropriation was for the purpose of constructing and equipping a public building and how much was for the acquiring, equipping, and improving of the pleasure ground, and how much was for recreational facilities; and for the further reason that said proposition sets forth three separate and distinct purposes all of which render the said proposition as void and invalid and not in accordance with the laws of the State of Wyoming and of no effect."

Under paragraph 8 of plaintiffs' petition, two distinct questions arise in this case, namely (1) whether Chapter 150, Session Laws of Wyoming, 1951, on its face authorizes the issuance of the bonds in question, and (2) if it does, then whether the statute is unconstitutional. The first of these questions involves (a) the meaning and effect of Section 1, Chapter 150, aforesaid, (b) its meaning and effect in the light of Chapter 24, Session Laws of Wyoming, 1951, and (c) whether it was necssary to specify and allocate the amounts to be paid out for the several purposes mentioned.

We hate to be placed in a position as appearing to evade answering questions before us but the meaning and effect of the statutory provisions are clearly a matter of statutory construction and do not involve any constitutional question. No question except a constitutional question is authorized to be reserved to this court. If the statutory provisions, on their face, authorize the issuance of the bonds in question, then and then only does a constitutional question arise. If the statutory provisions do not authorize the issuance of these bonds, the reserved constitutional question becomes superfluous. We have held time and again that this court has no jurisdiction to pass upon a reserved constitutional question until after the trial court

has disposed of and has decided the meaning and effect of the statutes in question necessarily arising in a case. State v. Kelley, 17 Wyo. 335, 98 P. 886; State v. Smart, 18 Wyo. 436, 110 P. 715; Budge v. Board of Com'rs of Lincoln County, 29 Wyo. 35, 208 P. 874; In re Gillette Daily Journal, 44 Wyo. 226, 11 P.2d 265; State ex rel. Lee v. Continental Oil Co., 48 Wyo. 152, 43 P.2d 686; Roberts v. City of Rock Springs, 52 Wyo. 89, 68 P.2d 891; State ex rel. Keefe v. Jones, 62 Wyo. 61, 161 P.2d 135; and see State ex rel. Fawcett v. Board of County Com'rs of Albany County, 73 Wyo. 69, 273 P.2d 188. In other words questions of statutory construction can come to this court only by way of appeal and this court will examine the record and decide whether such questions have been left unanswered. State ex rel. Keefe v. Jones, supra.

Did the trial court dispose of and decide the matters of statutory construction involved herein? The trial court made the following findings:

"9. That the Board of County Commissioners purport to be authorized under Chapter 150, Session Laws of Wyoming, 1951, to issue bonds for various enumerated purposes contained therein.

"10. That Chapter 150, Session Laws of Wyoming, 1951, approved February 19, 1951, purports to contain as two of its enumerated purposes among others therein stated 'to acquire lands and other properties for the purposes of * * * parks and pleasure grounds; to maintain, improve and develop and to construct, maintain and operate a public auditorium, * * * civic center, or other community building' and that there is therein contained no other statements except the ones set out above upon which commissioners might rely for purported authority to issue the proposed bonds.

"11. That nowhere in Chapter 150, Session Laws of Wyoming, 1951, are contained the words in the pur-

pose clause 'constructing and equipping a public building' nor 'recreational facilities.'

"12. That Chapter 24, Session Laws of Wyoming, 1951, approved February 5, 1951, purports to authorize the 'governing body of * * * any county to * * * (Subsection b) Acquire, equip, and maintain land, buildings, or other recreational facilities.'

"13. That Chapter 24, Session Laws of Wyoming, 1951, does not purport to authorize the issuance of bonds for the purpose stated therein; but, in fact, limits the Board of County Commissioners to make levies and expend funds for the recreational purposes set forth therein and further limits the levy not to exceed one mill of the assessed valuation of the county."

It is true, of course, that Section 1, Chapter 150, Session Laws of Wyoming, 1951, does not contain the words "equipment" and "recreational facilities" and Chapter 24, Session Laws of Wyoming, 1951, does not state that the board of county commissioners is authorized to issue any bonds for recreational facilities. But that finding, if a finding of fact at all, does not go far enough. The point is what is the meaning and effect of the statutes—which is a matter of statutory construction, and as already stated, such matters are not permitted to be reserved to us and can come before us only on appeal. The findings of the trial court are perhaps somewhat equivocal. It is quite clear the trial court did not hold that the statutes authorize the issuance of bonds here in question. Possibly the court meant that these statutes did not permit the county of Albany to issue the bonds. If so, then the court should for that reason have declared the issue of bonds invalid, and it would not have been necessary to reserve any constitutional question to us. The matter could then have come to us by way of appeal, and all questions involved in the case could then

have been decided on such appeal. In view of the fact that the court reserved a constitutional question to us, we are inclined to believe that it did not mean to decide the meaning and effect of the statutes in question here, that is to say, whether or not the bonds were valid on their face under the provisions other than Section 4, Chapter 150, Session Laws of Wyoming, 1951. Since the meaning and effect of the statutes are questions not before us as authorizing or not authorizing the issuance of bonds involved, it follows that there is nothing for us to decide until these matters of statutory construction have been decided by the trial court.

Even if we should overrule the cases previously cited and hold that a reserved constitutional question may be decided without waiting for the trial court's decision on matters of statutory construction that would help only in part of the cases. If, for instance, we should hold that Section 4, Chapter 150, Session Laws of Wyoming, 1951, is constitutional, the trial court would still have to decide the matters of statutory construction for the simple reason that we do not have the question of statutory construction before us, and then the case would still be subject to an appeal, so that no time would be saved by this court passing on the reserved constitutional question at this time. The truth is, judging by past experience, that §§ 3-5501 —3-5503, W.C.S. 1945, permitting the submission of reserved constitutional questions to this court merely hinders and delays the speedy disposition of cases, and should be repealed.

We might add another matter. The court has heretofore held that it will not answer any reserved constitutional questions unless the specific provision claimed to be violated has been pointed out. Salt Creek

Transp. Co. v. Public Service Commission of Wyoming, 37 Wyo. 488, 263 P. 621; State ex rel. Voiles v. Johnson County High School, 43 Wyo. 494, 5 P.2d 255. The only specific provision mentioned in the reserved question before us is Article 16, Section 6 of our constitution. Counsel for plaintiffs have argued that the legislation in question is also violative of Article 3, Section 37 of our constitution. But that constitutional provision is not before us.

From what has been said it is clear that we are obliged to conclude that an order should be entered herein directing the return of this case to the District Court of Albany County with the submitted question unanswered and for further proceedings as heretofore indicated.

Case remanded. Question unanswered.