**A. Dean HARDING and K. O. Hansen, d. b. a. Allied Plumbing and Heating, a Utah Partnership, Plaintiffs,**

**v.**

**STATE of Wyoming, Defendant.**

**No. 3878.**

Supreme Court of Wyoming.

Dec. 16, 1970.

Jay W. Butler, Provo, Utah, Harry L. Harris, Evanston, for plaintiffs.

James E. Barrett, Atty. Gen., Fred C. Reed, Asst. Atty. Gen., Cheyenne, for defendant.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McIntyre delivered the opinion of the court.

This is an action for declaratory judgment and for injunctive relief. Plaintiffs are questioning the validity of § 9–663, W.S.1957, 1969 Cum.Supp., and § 9–664, W.S.1957. Pursuant to § 1–191, W.S.1957, the district court has reserved to us two constitutional questions as follows:

1. Do the provisions of §§ 9–663 and 9–664, W.S.1957, as amended, violate § 6, Art. 1, Wyoming Constitution?

2. Do the provisions of §§ 9–663 and 9–664, W.S.1957, as amended, violate § 1, Amendment 14, United States Constitution?

Section 9–663, as amended, merely defines the word "resident" as used in the act with which we are concerned. Its constitutionality is not actually brought into question. We turn then to a consideration of § 9–664. It provides in pertinent part to this effect:

"Whenever a contract is let by the state, or any * * * county, city, town, school district, high school district, or other public corporation of the state for the erection, construction, alteration, or repair of any public building * * *, such contract shall be let, if advertisement for bids is not required, to a resident of the state. If advertisement for bids is required the contract shall be let to the responsible resident making the lowest bid if such resident's bid is not more than five per cent higher than that of the lowest responsible non-resident bidder."

The findings of fact made by the district court include findings that plaintiffs are residents of the state of Utah and partners in a Utah partnership; that such partners are engaged in the business of plumbing and heating contractors; and plaintiffs submitted a bid July 18, 1967 to the "general contractor who received the contract on the Evanston High School at Evanston, Wyoming, for mechanical work to be done on the school."

The court found such bid was denied by reason of the preference given Wyoming residents by §§ 9–663 and 9–664, W.S.1957, as amended. On April 8, 1968, nearly nine months after plaintiffs' bid had been submitted, plaintiffs commenced their district court action seeking a declaratory judgment and injunctive relief and alleging damages. We find nothing in the record indicating a finding by the district court as

to whether such an action is maintainable against the state.

Plaintiffs have alleged in their complaint that the state, pursuant to §§ 9–663 and 9–664, W.S.1957, requires that public contracts shall be let by the state, "its agents" and political subdivisions only to residents of the state of Wyoming unless advertisement of bids is required and the lowest bid by a responsible resident is not more than five percent higher than that of the lowest responsible non-resident bidder.

There has been no allegation or claim, however, that the general contractor to whom plaintiffs submitted their bid is an agent or subdivision of the state. Also, there is nothing in the findings of the trial court to indicate plaintiffs have actually been denied a contract which was being let by the state or a subdivision thereof, where plaintiffs were the lowest bidder and where the contract was awarded to a resident of Wyoming on a bid within five percent of plaintiffs' bid.

Thus, plaintiffs have not alleged facts to show they have been adversely affected by the application of § 9–664. Persons who are not adversely affected by alleged unconstitutionality of a provision in a statute are not entitled to complain of the unconstitutionality of the statute. Powers v. City of Cheyenne, Wyo., 435 P.2d 448, 452, reh. den. 436 P.2d 961; Miller v. Board of County Commissioners of the County of Natrona, 79 Wyo. 502, 337 P.2d 262, 270; Public Service Commission of Wyoming v. Grimshaw, 49 Wyo. 158, 53 P.2d 1, 3, 109 A.L.R. 534.

Aside from a possible deficiency in plaintiffs' complaint, the finding of the trial court to the effect that plaintiffs submitted a bid to the general contractor who received the contract on the Evanston High School is more serious. This makes it apparent plaintiffs were bidding for a subcontract from the general contractor. They have not been involved with a contract let by the state or any subdivision

thereof. It becomes apparent, then, that § 9–664 has no application and the constitutionality of such section is not brought into question.

We have held time and again that this court has no jurisdiction to pass upon a reserved constitutional question until after the trial court has disposed of and has decided the meaning and effect of the statutes in question necessarily arising in a case. White v. Board of County Commissioners of Albany County, 77 Wyo. 246, 313 P.2d 484, 486; State ex rel. Keefe v. Jones, 62 Wyo. 61, 161 P.2d 135, 138.

Rule 52(c), W.R.C.P., makes it clear the district court, before reserving a constitutional question to the supreme court, shall dispose of all necessary and controlling questions of fact and state its conclusions of law on all points of construction, interpretation and meaning of statutes.

If the district court has read anything into § 9–664 which requires a general contractor to give preference to a resident bidder on a subcontract, when the resident bidder is within five percent of the lowest non-resident bidder, the findings of fact and conclusions of law fail to point out wherein such construction and interpretation is indicated. If other statutes are involved which call for such a preference, the district court has failed to mention such statutes and has failed to decide the meaning and effect thereof.

From what has been said it is clear we are obliged to conclude that an order should be entered directing the return of this case to the district court with the submitted questions unanswered.

Case remanded. Questions unanswered.

Mr. Justice PARKER, concurring.

I concur with the result reached by Mr. Justice McINTYRE on the ground that the trial court's findings and conclusions did not sufficiently dispose of the necessary and controlling questions of fact so as to give this court jurisdiction.