WHEATLAND IRRIGATION DISTRICT, a corporation, Appellant,

v.

Dean T. PROSSER, Jr., et al., Appellees.

No. 4083.

Supreme Court of Wyoming.

Sept. 26, 1972.

William R. Jones and W. H. Vines, of Jones, Jones, Vines & Hunkins, Wheatland, for appellant.

Byron Hirst and W. Perry Dray, of Hirst, Applegate & Dray, Cheyenne, for appellees Dean T. Prosser, Jr., and Harriot Prosser.

John J. Rooney and James P. Horiskey, of Rooney & Horiskey, Cheyenne, for appellees Bernard R. McGuire and others.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

McINTYRE, Chief Justice.

Wheatland Irrigation District owns and operates a reservoir in Platte County, Wyoming. Certain landowners who own lands below the reservoir suffered damages when the reservoir's dam broke and caused flooding of their lands. Suit was brought by these landowners for their damages.

On motion of the plaintiffs, summary judgment was granted to plaintiffs and against the defendant on the issue of liability. The judgment was based on the provisions of § 41–46, W.S.1957, which reads:

"The owners of reservoirs shall be liable for all damage arising from leakage or overflow of the waters therefrom, or by floods caused by breaking of the embankments of such reservoir."

In its summary judgment, the district court reserved the issue of the amount of damages for trial. With respect to the issue of liability, however, the judgment stated:

"ORDERED that the Court expressly determines that there is no just reason for delaying the entry of the Summary Judgment and hereby directs the entry thereof * * *"

The defendant did not take a timely appeal from the court's summary judgment —if that judgment is considered to be a final and appealable judgment. Instead, approximately two months after entry of the court's summary judgment, Wheatland Irrigation District moved the district court to reserve to the supreme court certain constitutional questions pertaining to the constitutionality of § 41–46. That motion was denied and defendant gave notice of appeal from the court's order denying its motion to have constitutional questions reserved.

On March 3, 1972 the appellant filed its appeal brief with us. The day before, on March 2, 1972, appellees filed a motion to dismiss the appeal, one of the grounds being that the subject matter of the appeal is moot because the summary judgment was final on the issue of liability and no timely appeal was taken from such judgment. We reserved our decision on the motion to dismiss appellant's appeal until argument was heard on the merits. Now, after oral argument and consideration of briefs, we are persuaded we should decide the merits of the issue appellant seeks to present—whether a district judge must always reserve constitutional questions to the supreme court when he is asked to do so.

Section 1–191, W.S.1957, provides:

"When an important and difficult constitutional question arises in an action or proceeding, pending before the district court in any county of this state, the judge of said court *may,* on motion of either party, or upon his own motion, cause the same to be reserved and sent to the supreme court for its decision." [Emphasis supplied.]

Rule 52(c), W.R.C.P., implements § 1–191 by providing when a district court reserves an important and difficult constitutional question, it shall first dispose of all necessary and controlling questions of fact and state its conclusions of law on points involved.

■ There is nothing in § 1–191 nor in Rule 52(c) which indicates a mandatory direction to a district judge to reserve important and difficult constitutional questions to the supreme court each time he is requested to do so. On the other hand, § 1–191 clearly states that such a judge "may" do so.

In White v. Board of County Commissioners, 77 Wyo. 246, 313 P.2d 484, 488, Chief Justice Blume stated, the truth is, judging by past experience, statutes permitting the submission of reserved constitutional questions to the supreme court merely hinder and delay the speedy disposition of cases and should be repealed.

It goes without saying that we would be contributing greatly to hindrances and delays in the disposition of cases if we extended the discretionary authority provided in § 1–191, by construing it to require district judges in all cases to reserve constitutional questions to the supreme court, whenever asked to do so. We are unwilling, by judicial edict, to change the discretionary authority granted by statute into a mandatory requirement.

Inasmuch as the question presented by this appeal involves nothing but an interpretation of a Wyoming statute and a rule of this court, we need not look to outside authority for our interpretation. Appellant has cited no authority which supports its contention that a Wyoming district judge must reserve to the Wyoming Supreme Court constitutional questions whenever he is requested to do so.

■ Therefore, without deciding or considering the effect of the defendant's delay in asking for reservation, until approximately two months after the entry of summary judgment, we hold a district court must exercise its sound discretion in determining when a constitutional question is so important and difficult that it ought to be reserved to the supreme court. In this case there has been no showing of an abuse of that discretion.

The order appealed from must be affirmed and the case must be remanded for such further proceedings as are needed.

Remanded for further proceedings.