STATE of Wyoming, Plaintiff,

v.

Richard W. ROSACHI et al., Defendants.

Nos. 4606–4610, 4612.

Supreme Court of Wyoming.

April 27, 1976.

---

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Don W. Riske, Legal Intern. on briefs; Don W. Riske, Legal Intern (argued), for plaintiff.

C. Edward Webster, II, Housel & Webster, Cody (argued), for defendants, Robert Lester Anderson, James Scott Burnam, Arthur Caudle, Leon Ragsdale, Richard W. Rosachi and Jeff Jones; James S. Allison, Associate of Ross D. Copenhaver, P.C., Powell, and C. Edward Webster and Richard W. Ferry of McCarty & Ferry, Cody, on briefs.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Upon the trial judge's own motion, we are here asked to consider reserved constitutional questions directed at § 6–63(C), W.S.1957, Laws, 1971, Ch. 70, § 1:

"Whoever unlawfully has carnal knowledge of a female child fifteen (15) years of age or over and under the age of eighteen (18) years with her consent shall be guilty of third-degree rape and shall be confined in the county jail for not more than one (1) year."

The defendants, six young men, were charged with third-degree rape on July 29, 1975, of two girls under the age of 18 years, four defendants as to one of the girls and the other two defendants as to the other girl. The cases have been consolidated for the purposes of this special proceeding.

It has been stipulated *by counsel* that both girls were 17 years of age at the time of the rapes; that the defendants did have sexual intercourse with the girls as charged; that the defendants had reasonable basis to believe the girls were over 18 years of age and the ages of the boys ranged between 18 and 20 years. Their *counsel* have agreed that defendants will be found guilty or plead guilty if the cited section is constitutional. Of course, if unconstitutional, no charges would lie.

The trial judge entered orders finding in pertinent part that the fact that the defendants had good reason to believe that the girls were over the age of 18 was not a good defense as a matter of law; the defendants had unlawful carnal knowledge of the girls, 17 years of age at the time, and the defendants are each guilty of a violation of § 6–63(C), a high misdemeanor, if the statute is constitutional. We note that there is neither a stipulation nor finding that the girls consented, an essential statutory element of the offense. Sentencing was stayed until this court's mandate.

The only court appearances by defendants personally have been to enter pleas of not guilty. This was done with the usual brevity when pleas of not guilty are entered and the proceedings are not of the comprehensive sort required when pleas of guilty are received. They have not appeared in open court and entered pleas of guilty nor signed and filed written consents to entries of pleas of guilty.

We cannot consider the constitutional questions submitted by the trial court because they are not properly before us.[1]

---

1. Since we are not going to answer the questions, we only footnote them:
   1. "Is W.S. 6–63(c) [sic] unconstitutional as a denial of equal protection of the laws and as a denial of due process of the laws in violation of Sections 2, 3, 8 and 34 of Article I and Section 1 of Article VI of the constitution of the State of Wyoming?"
   2. "Is Section 6–63(c) [sic] W.S. unconstitutional as a denial of due process in vio-

Rule 52(c), W.R.C.P.,[2] provides a supplement to the statutory procedure for reserving constitutional questions to this court in civil cases. There is no comparable rule in the Wyoming Rules of Criminal Procedure. We must therefore review the case precedent of this court with respect to reserving constitutional questions under the applicable statutory provisions.[3]

*State ex rel. Keefe v. Jones,* 1945, 62 Wyo. 61, 161 P.2d 135, was a case where the trial court heard all the evidence and without deciding the factual issues reserved constitutional questions upon his own motion. This court there said that we are without jurisdiction to consider submitted constitutional questions until all necessary and controlling questions of fact have been disposed of by the trial court. The case was remanded with the questions unanswered. See also *Roberts v. City of Rock Springs,* 1937, 52 Wyo. 89, 68 P.2d 891, where questions of law and fact had not been decided, by the district court. All preliminary matters, including factual questions, must first be finally disposed of. *State ex rel. Fawcett v. Board of County Commissioners of Albany County,* 1954, 73 Wyo. 69, 273 P.2d 188. *Griffith ex rel. Workmen's Compensation Department v.*

*Stephenson,* 1972, 494 P.2d 546, indicates to us that these must be final findings of fact, which are a determination of all factual questions in a case, before questions may be reserved. This court in *Griffith* was considering Rule 52(c), W.R.C.P., with respect to reserved questions. Rule 52(c), W.R.C.P., is no more than a reduction to rule form of the law of cases decided by this court with respect to reserving of constitutional questions and we consider it an appropriate guide in criminal cases.

The trial judge here made a factual finding of guilt which has no proper procedural basis. Guilt may be determined by two means: (1) By a jury or court, without a jury, following a trial and (2) By a plea of guilty. There has been neither a trial nor the entry of a plea of guilty. There is only a stipulation between counsel that if the law is unconstitutional, the defendants will at some future time enter a plea of guilty. At this point, the record shows only pleas of not guilty.

Rule 15, W.R.Cr.P., provides what a trial court must do before accepting a plea of guilty:

"A defendant may plead not guilty, not guilty by reason of insanity at the time of the commission of the alleged of-

---

lation of Section 6 of Article I of the constitution of the State of Wyoming and in violation of equal protection of the laws and due process guaranteed under the fourteenth amendment to the constitution of the United States?"

2. "In all cases in which a district court reserves an important and difficult constitutional question arising in an action or proceeding pending before it, the district court, before sending the question to the supreme court for decision, shall (1) dispose of all necessary and controlling questions of fact and make special findings of fact thereon, and (2) state its conclusions of law on all points of common law and of construction, interpretation and meaning of statutes and of all instruments necessary for a complete decision of the case. No constitutional question shall be deemed to arise in an action unless, after all necessary special findings of fact and conclusions of law have been made by the district court, a decision on the constitutional question is necessary to the rendition of final judgment. The question

reserved shall be specific, and shall identify the constitutional provisions to be interpreted. The special findings of fact and conclusions of law required by the subdivision of this rule shall be deemed to be a final order from which either party may appeal, and such appeal may be considered by the supreme court simultaneously with the reserved question."

3. The pertinent statutory section is:
Section 1–191, W.S.1957:
"When an important and difficult constitutional question arises in an action or proceeding, pending before the district court in any county of this state, the judge of said court may, on motion of either party, or upon his own motion, cause the same to be reserved and sent to the supreme court for its decision."
Sections 1–192 and 1–193, W.S.1957, deal with the procedure of transmittal of the record to this court and remand to the district court, following this court's decision on the reserved questions.

fense, not triable by reason of present insanity, guilty, or, with the consent of the court, *nolo contendere*. The court may refuse to accept the plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept the plea of guilty, or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

The defendants were at no time addressed personally to determine the defendants' full realization that a plea of guilty must be made voluntarily with understanding of the nature of the charge and the consequences of the plea. This court has only recently had occasion to set aside pleas of guilty for failure to conform to the fundamental requirements of Rule 15, W.R.Cr.P. *Cardenas v. Meacham*, 1976, 545 P.2d 632.

We are aware of Rule 42, W.R.Cr.P., which allows a written consent to the entry of a plea of guilty:

"* * * In prosecutions of offenses punishable by fine or by imprisonment for not more than one year, or both, the court, with the written consent of the defendant, may permit arraignment, plea, and imposition of sentence in a defendant's absence. * * *"

No proper, informed written consent of any of the defendants appears in the records of these cases nor, of course, does there appear any arraignment and plea upon such a consent.

While the defendants at their initial arraignment were informed of the maximum penalty of not more than one year's confinement in the county jail, they were not informed of their many other rights which are ordinarily given where there is a plea of guilty, such as the right to a trial by jury, and in that trial, the right to be confronted by witnesses against them, the right to cross-examination, the right to counsel at all stages of the proceedings, the heavy burden of the State to prove guilt beyond a reasonable doubt, the presumption of innocence, their right to remain silent, the requirement that if there is a plea of guilty, it must be voluntary and without threat or promise and, incident to that, disclosure of any plea bargaining that had taken place and its effect. These are fundamental rights and there is nothing in the record to indicate that the defendants had or were waiving these basic constititional rights.

■ Even though a plea of guilty to a misdemeanor is authorized in writing, it is still the duty of the court to conform to all the elements of Rule 15. Rules 15 and 42 must be read together, adapting the Rule 15 procedure to the circumstance of a written consent.

As said in *Britain v. State*, Wyo.1972, 497 P.2d 543, 544, the purpose of Rule 15 is to establish a guideline for the determination of the voluntariness of a plea of guilty. As there, we find no indication here that even if the defendants' attorneys had authority to commit their clients, the defendants were aware of the fact that their pleas must whenever made be entered voluntarily without threat or promise and a disclosure of any plea bargaining. See also *Cardenas*, supra.

As stated in *McCarthy v. United States*, 1969, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418, 424–425, cited in both *Cardenas*, supra, and *Britain*, supra, Federal Rule 11, F.R.Cr.P., (Wyoming Rule 15):

"* * * is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this vol-

untariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous postconviction attacks on the constitutional validity of guilty pleas."

We approve of the following Standards Relating to Pleas of Guilty, American Bar Association Approved Draft, 1968, as included in the requirements of Rule 15:

"1.4  Defendant to be advised by court.

"The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

"(a) determining that he understands the nature of the charge;

"(b) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury; and

"(c) informing him:

"(i) of the maximum possible sentence on the charge, including that possible from consecutive sentences;

"(ii) of the mandatory minimum sentence, if any, on the charge; and

"(iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment.

"1.5  Determining voluntariness of plea.

"The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge

or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea.

"1.6  Determining accuracy of plea.

"Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea."

The trial court's finding of guilt is not binding upon us in the reservation of constitutional questions. It is our duty to examine the original papers in the record and determine whether all necessary and controlling questions of fact have been disposed of. *State ex rel. Keefe v. Jones,* supra. The fact of guilt is necessary and controlling. This is fundamental and jurisdictional.

For the reasons stated, there are no proper findings of guilt in any of the consolidated cases. We have no intention of acting upon what may only be a supposition of guilt or a plea of guilty not made under the requirements of Rule 15 and certainly under the circumstances of pleas of guilty not even made. When we decide a constitutional question reserved to us, there should be nothing left for the trial court to do but apply it and depending upon the answer, either proceed at once to sentence and enter a judgment of conviction and sentence, or dismiss the charges.

At this stage of the proceedings in the district court, any opinion on the questions would be advisory. It is not the function of the supreme court to render advisory opinions. *Tobin v. Pursel,* 1975, 539 P.2d 361, 363. We cannot render an advisory opinion with respect to what might happen in the future with respect to this case. *West v. Willey,* 1969, 453 P.2d 883. The defendants, when fully informed

with respect to their constitutional guarantees, may well decide to stand on their pleas of not guilty, presently in this record and raise the constitutional questions thereafter during the regular course of an appeal, if found guilty. This court is not required to render an opinion that may not terminate the problems of this case. *Wyoming Humane Society v. Port*, 1965, 404 P.2d 834.

Following oral argument, we stood ready to answer the constitutional questions propounded but, upon examination of the records of these cases, found the grave deficiencies explained. We regret that we are unable to do so and are not avoiding them. Whenever the record shows a clear determination of guilt or a valid plea of guilty, we shall meet and reply to the constitutional questions propounded, if properly presented.

Case remanded—questions unanswered.