Andrea M. **RODABAUGH, as Personal Representative of the Estate of Douglas Paul Rodabaugh, Petitioner (Plaintiff),**

v.

**Charles ROSS and Rupert Romero, Respondents (Defendants).**

No. 89–184.

Supreme Court of Wyoming.

March 11, 1991.

Mark J. White, White, White, Keenan & Roberts, P.C., Riverton, and Robert R. Rose, Jr., and Robert R. Rose, III, Spence,

Moriarity & Schuster, Cheyenne, for petitioner.

Frederick J. Harrison, Rawlins, for respondent Ross.

Joseph B. Meyer, Atty. Gen., Ron Arnold, Sr. Asst. Atty. Gen., Larry M. Donovan, Asst. Atty. Gen., for amicus curiae, State of Wyo.

Before URBIGKIT, C.J., and THOMAS,* CARDINE, MACY and GOLDEN, JJ.

THOMAS, Justice.

The question sought to be raised in this case by virtue of the certification of a constitutional question pursuant to § 1–13–101, W.S.1977 (June 1988 Repl.),[1] and Rule 52(c), W.R.C.P., is whether Wyo. Const. art. 10, § 4, forecloses the extension of immunity to a co-employee pursuant to § 27–14–104(a), W.S.1977 (June 1987 Repl.). The essence of the Petitioner–Plaintiff's position is that this extension of immunity eliminates a cause of action in favor of an injured worker and that such a limitation is not permissible because it constitutes a limitation on the damages recoverable for injury or death. Because the case came to us as a reserved constitutional question, we are sensitive to the limitations upon the authority of this court to respond to certified constitutional questions that have been imposed by precedent. After scrutinizing the record, we are persuaded that this is not a case in which there is nothing left for the trial court to do but to apply the constitutional ruling and decide the case. Consequently, while we recognize the frustrations that this approach may impose upon the parties and the trial court, we conclude that the case must be remanded without answering the constitutional questions.

Andrea M. Rodabaugh (Rodabaugh), the personal representative of the estate of Douglas Paul Rodabaugh, deceased, as the

---

* Chief Justice at time of oral argument.

1. Section 1–13–101, W.S.1977 (June 1988 Repl.), provides:

"When an important and difficult constitutional question arises in a proceeding pending before the district court on motion of either party or upon his own motion the judge of the district court may cause the question to be reserved and sent to the supreme court for its decision."

Petitioner–Plaintiff, articulates the substantive issue as follows:

> "1. Is W.S.1977 § 27–14–104(a); Laws 1989, ch. 226 § 1 unconstitutional as being in violation of the provisions of Article 10, § 4 of the Wyoming Constitution?"

That statement of the substantive issue was accepted by Charles Ross (Ross), one of the Respondents–Defendants. Rupert Romero (Romero) did not provide any separate response in this case.

A brief discussion of the underlying facts is helpful in understanding the court's refusal to respond to the constitutional question. On October 8, 1987, Douglas Paul Rodabaugh, the Plaintiff–Petitioner's decedent, was employed by Forrest Construction, a sole proprietorship owned by Douglas Forrest. Ross and Romero were co-employees of Douglas Rodabaugh. Forrest had entered into a contract with the Sinclair Refinery to haul its waste materials to a disposal site approximately five miles from the refinery. Douglas Rodabaugh was returning to the refinery in an empty truck at the same time that Ross and Romero were departing the refinery with full loads. When these drivers were approximately one to one and one-half miles apart and proceeding toward each other, Ross pulled into the driving lane occupied by Douglas Rodabaugh's oncoming truck. There is an indication in the record that Ross had been known to play dangerous games while driving on prior occasions. Douglas Rodabaugh had no such reputation. Evasive action was attempted, but Douglas Rodabaugh was killed in the ensuing head-on collision. Ross survived the accident, but was seriously injured.

A little more than a year later, Rodabaugh filed a wrongful death action against Ross, Romero, and Forrest in which she asserted a claim for damages for the wrongful death of Douglas Rodabaugh based upon allegations of negligence, gross negligence, and culpably negligent conduct on the part of all defendants. Forrest was Douglas Rodabaugh's employer and had worker's compensation coverage in effect. Therefore, Forrest was dismissed as a party to the suit. In April of 1989, an amended complaint was filed pursuant to which Rodabaugh added claims of negligent entrustment and negligence *per se* and sought relief in the form of a declaratory judgment as to the constitutionality of § 27–14–104(a), W.S.1977 (June 1987 Repl.). Rodabaugh then filed her Motion to Reserve Constitutional Issue to the Supreme Court for the State of Wyoming. The trial court entered its Order of Reservation granting the motion pursuant to § 1–13–101, W.S.1977, and the matter proceeded in this court through briefing and oral argument.

The Order of Reservation entered in the trial court on August 3, 1989 does not reference the statute and, further, no mention is made of Rule 52(c), W.R.C.P. Rule 52(c), W.R.C.P., provides:

> "(c) *Reserved questions.*—In all cases in which a district court reserves an important and difficult constitutional question arising in an action or proceeding pending before it, the district court, before sending the question to the Supreme Court for decision, shall (1) dispose of all necessary and controlling questions of fact and make special findings of fact thereon, and (2) state its conclusions of law on all points of common law and of construction, interpretation and meaning of statutes and of all instruments necessary for a complete decision of the case. No constitutional question shall be deemed to arise in an action unless, after all necessary special findings of fact and conclusions of law have been made by the district court, a decision on the constitutional question is necessary to the rendition of final judgment. The question reserved shall be specific, and shall identify the constitutional provision to be interpreted. The special findings of fact and conclusions of law required by this subdivision of this rule shall be deemed to be a final order from which either party may appeal, and such appeal may be considered by the Supreme Court simultaneously with the reserved question."

This court has said that the rule "provides a supplement to the statutory procedure

for reserving constitutional questions to this court in civil cases." *State v. Rosachi,* 549 P.2d 318, 320 (Wyo.1976). *See Matter of Certified Question from United States District Court, District of Wyoming,* 549 P.2d 1310 (1976).

In the trial court, the original Rodabaugh complaint asserted that Romero and Ross were acting outside the scope of their employment. In an answer, the response was made that both were acting within the scope of their employment. The amended complaint does not address scope of employment, and no answer was filed to it. Instead, Ross proceeded to file a motion for summary judgment premised upon the assumption that, because all drivers had received worker's compensation benefits, there was no question as to scope of employment. In responding to the motion for summary judgment, Rodabaugh first contended that the statute upon which Ross premised his motion was unconstitutional, but went on to urge upon the trial court the proposition that, if the statute were deemed to be constitutional, a question, which Rodabaugh contended was a genuine issue of material fact, still existed as to whether Ross and Romero were within the scope of their employment.

There is present an issue of fact in the district court as to whether Ross and Romero were within the scope of their employment. If they were not, the accused statute, of course, would have no application, and the constitutionality of the statute would not be in issue. Under those circumstances, responding to the certified question could cast this court in the posture of having rendered an advisory opinion, a function that does not belong to the court under our constitutional framework and precedent. *Wyoming State Treasurer v. City of Casper,* 551 P.2d 687 (Wyo.1976); *Tobin v. Pursel,* 539 P.2d 361 (Wyo.1975). We should not afford an advisory opinion with respect to what might happen in the future with respect to this particular case. *West v. Willey,* 453 P.2d 883 (Wyo.1969). *See Ririe v. Board of Trustees of School District No. One, Crook County, Wyoming,* 674 P.2d 214 (Wyo.1983).

Given the situation that pertains in this case, we conclude that the court is well advised to follow the wisdom espoused in earlier cases and, therefore, decline to answer the certified question. We have, without deviation, held that the court should not address, and resolve, the constitutional issue in those instances in which the trial court has not disposed of all of the necessary, and controlling, questions of fact and has not set forth its conclusions of law with respect to all questions other than the constitutional question. *Rosachi; Griffith, ex rel. Workmen's Compensation Department v. Stephenson,* 494 P.2d 546 (Wyo.1972); *Harding v. State,* 478 P.2d 64 (Wyo.1970); *State ex. rel. Fawcett v. Board of County Commissioners of Albany County,* 73 Wyo. 69, 273 P.2d 188 (1954); *Keefe, State ex rel. v. Jones,* 62 Wyo. 61, 161 P.2d 135 (1945). *See Roberts v. City of Rock Springs,* 52 Wyo. 89, 68 P.2d 891 (1937).

We acknowledge the temptation to simply dispose of this case on the merits in light of the decision in *Mills v. Reynolds,* 807 P.2d 383 (Wyo.1991). Appropriate exercise of judicial restraint, however, dictates otherwise. The case must be remanded without resolving the reserved questions.

Case remanded—questions unanswered.

URBIGKIT, Chief Justice, specially concurring.

This court has accepted the amicus curiae position taken by the State to require remand. With that result, I concur, since there is a "status" dispute factually remaining which had not been resolved by a court decision.

Upon remand, the trial court will be called to determine whether Charles Ross had engaged in the game of "chicken" while driving a large dirt-hauling truck on a narrow countryside road and, if so, retained his status for immunity purposes of being within his scope of employment. The decision will be required, even though both the decedent's survivors and Charles Ross received Worker's Compensation benefits as a result of the fatal two-vehicle, head-on

collision. This legal question of how workers can be covered for one purpose and not covered for another purpose at the same time within the same industrial accident will leave an interesting analysis for the trial court upon remand.

This case and its yet undeveloped facts re-emphasize why the majority is wrong in *Mills v. Reynolds*, 807 P.2d 383 (Wyo.1991) and *Bunker v. Niggemyer*, 807 P.2d 383 (Wyo.1991), both in constitutional concept and work place damage analysis.

Taking one contention of the facts in this case where a fact finding trial has not yet been provided, a co-employee, Charles Ross, was engaged in criminal driving misconduct in playing "chicken" on a narrow country road while driving a large earth-hauling vehicle. The available record would suggest that he did not know that it was his foreman, not a co-employee with whom he had previously played the game, that he met that October morning on that countryside ·driveway. A man was killed as a result. If these facts are correct, a serious crime was committed and a wrongful death was caused by conduct which in no way related to the proper performance of his employee responsibilities.

For whatever reasons of misguided policy, the legislative amendment took away from the survivors of the foreman century-old rights to recover redress for a most serious wrong—the killing of their husband and father. Significant specific and clear constitutional rights are lost by the legislative abrogation. *See Mills*, 807 P.2d 383, Urbigkit, Chief Justice, dissenting. As this case goes back to the trial court, and then most likely again to return, I will continue my objection to a Wyoming constitutional amendment by statutory enactments. I will also continue to believe that the specific rights clearly provided by the Wyoming Constitution both deserve and require our protection and maintenance. The insurance companies, which constitute the real parties in interest in these cases, do not deserve the largess provided by applied immunity of their insureds from responsi-

bility. This is not litigation between an employer and employee—this involves two drivers on a country road, one of whom was killed when hit head-on by a vehicle which was in his lane at impact. In concurring to remand, I will not accept the validity of ultimate resolution by the immunizing application of W.S. 27–14–104(a).

Consequently, I specially concur, although I believe that justice will not be served until constitutional rights under Wyo. Const. art. 10, § 4 and access to the courts under Wyo. Const. art. 1, § 8 are reaffirmed within our responsibility to preserve that standard for Wyoming society.

MACY, Justice, dissenting.

I dissent. This Court is being hypertechnical. As a matter of judicial economy, we should grant a writ of certiorari and dispose of this case in accordance with *Mills v. Reynolds*, 807 P.2d 383 (Wyo. 1991).